REDD v. BRUN et al. (two cases).*

(Circuit Court of Appeals, Eighth Circuit. November 8, 1907.)

Nos. 2,407, 2,408.

1. LIMITATIONS OF ACTIONS—COLORADO STATUTE BARS THREE YEARS AFTER DISCOVERY OF FACTS WHICH WOULD AWAKEN INQUIRY.

The statute of Colorado (section 2911, Mills' Ann. St.), which requires bills for relief on the ground of fraud to be filed within three years after discovery of the facts constituting the fraud, bars such suits three years after the discovery of facts which would awaken a person of ordinary prudence to an inquiry, which, if pursued with reasonable diligence, would lead to a discovery of the fraud.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, §§ 480–493.]

2. EQUITY—LACHES—APPLIED IN ANALOGY TO STATUTE—BURDEN ON COMPLAINANT TO PROVE DILIGENCE AFTER STATUTORY PERIOD.

The federal courts, sitting in equity, are not bound by, but they apply the doctrine of laches in analogy to, the statute of limitations of actions at law, and, in the absence of extraordinary facts and circumstances, decline to sustain suits commenced after the statutory period.

If a complainant would maintain a suit instituted after the expiration of the statutory limit, he must plead and prove especial facts or circumstances which show that he was not guilty of laches which take his case out of the ordinary rule and make it equitable to allow its maintenance after the statutory period has expired.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Equity, §§ 242–244.]

---

*Rehearing denied January 11, 1908.

**3. SAME—FAILURE TO DISCOVER FRAUD—PLEADING AND PROOF REQUISITE TO EXCUSE.**

If he failed to discover the fraud within the statutory limit, he must plead and prove the time when he discovered it, the means by which he found it out, the impediments which prevented its earlier discovery, and the diligence he exercised.

If by the exercise of ordinary diligence he could have discovered it in time to have brought his suit within the limit fixed by the statute, he was guilty of laches, and his suit cannot be maintained.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Equity, §§ 242–244.]

**4. SAME—LACHES—FACTS—CONCLUSION.**

Complainant had a judgment against T. in 1885 which he could not collect. In January, 1889, two tracts of land were conveyed to S., a sister of T., who in February, 1889, conveyed them to Thomson, who in November, 1895, conveyed them to Mrs. T. and Mrs. C., the wife and daughter of S., respectively. T. died on March 14, 1896, and the deeds were first recorded on March 16, 1896. Complainant brought suit to subject the property to the payment of the judgment more than five years after the deeds were recorded. The statutory limitation was three years after discovery of the fraud. The complainant first discovered in January, 1901, by inquiry among the friends and neighbors of T. that S. was his sister, and by search in the indices of the records, the conveyances in question, and no reason why an earlier discovery was not made, except the pendency of a suit to cancel the judgment, was shown. *Held*:

Complainant failed to establish any sound reason in equity why the doctrine of laches should not be applied in analogy to the statutory limitation, and he could not recover.

Ordinary diligence required him to examine the records in the name of T., at least once in three years, and if he had exercised the same diligence in 1896 or 1897 that he used in 1901, he would have discovered the fraud.

(Syllabus by the Court.)

Appeal from the Circuit Court of the United States for the District of Colorado.

R. T. McNeal, for appellant.
A. C. Phelps, for appellees.

Before SANBORN and VAN DEVANTER, Circuit Judges, and PHILIPS, District Judge.

SANBORN, Circuit Judge. These suits were brought in September, 1901, to subject two tracts of land, one held by Mrs. Kate E. Brun, who was formerly the wife of Hiram Robert Tillett, and the other by Mrs. Maud Stortes Conklin, who was the daughter of Mrs. Nancy A. Stortes, a sister of Tillett, to the payment of a judgment which the complainant, Jeremiah J. Mann, had recovered against Tillett and one Bloomfield in 1885, upon the ground that Tillett had purchased and paid for these tracts of land and had caused them to be conveyed to the defendants respectively, who were not bona fide purchasers, for the purpose of concealing his property, of preventing the complainant from collecting, and of defrauding him out of his judgment. The majority of the court are of the opinion that the evidence sustained the complainant's charge of fraud, and that he would have been entitled to a decree if he had instituted his suits immediately after

he could have discovered the fraud by the exercise of reasonable diligence, a conclusion to which the writer does not assent.

There is, however, another question which demands decision before the decrees below, which dismissed the bills upon final hearings, can be reversed. It is, was the complainant guilty of laches? The statute of limitations of the state of Colorado provides that bills for relief on the ground of fraud shall be filed within three years after the discovery by the aggrieved party of the facts constituting such fraud, and not afterwards. 2 Mills' Ann. St. § 2911. Great Western Mining Co. v. Woodmas, 14 Colo. 90, 98, 23 Pac. 908. This statute bars a suit three years after knowledge of facts which would awaken a person of ordinary prudence to an inquiry, which, if pursued with reasonable diligence, would lead to a discovery of the facts constituting the fraud as effectually as it limits suits commenced three years after the discovery of the facts constituting the fraud. Swift v. Smith, 25 C. C. A. 154, 160, 79 Fed. 709, 715; Pipe v. Smith, 5 Colo. 146, 149; Rugan v. Sabin, 3 C. C. A. 578, 582, 53 Fed. 415, 420.

The national courts, sitting in equity, are not bound by the statutes of limitations of the states, but they apply the doctrine of laches in analogy to them. If a suit discloses no extraordinary facts or circumstances, they apply the bar of laches at the expiration of the time prescribed by the statute of the state for the limitation of an action at law of like character, but if unusual conditions or extraordinary circumstances make it inequitable to allow the prosecution of a suit after a briefer, or to forbid its maintenance after a longer, period than that fixed by the statute, the chancellor will not be bound by the statute, but will determine the extraordinary case in accordance with the equities which condition it. Kelley v. Boettcher, 29 C. C. A. 14, 21, 85 Fed. 55, 62. If the complainant invokes the exercise of the judicial discretion of the court to permit the maintenance of his suit after the analogous statutory time has expired, the burden is upon him to show that he has been guilty of no laches. He must specifically plead and prove what the impediments were to the earlier prosecution of his claim, if he was ignorant of the facts alleged in the bill, how he came to be so long without knowledge of them, the means, if any, by which the defendant concealed them, how and when he first came to know them, and such other facts and circumstances as would appeal to the conscience of a chancellor. "And especially must there be distinct averments of the time when the fraud, mistake, and concealment, or misrepresentation was discovered, and how discovered, and what the discovery is, so that the court may clearly see whether, by the exercise of ordinary diligence, the discovery might have been before made. For, if by such diligence the discovery might have been before made, the bill has no foundation on which it can stand in equity, on account of the laches." Stearns v. Page, 1 Story, 204, 215, 217, 22 Fed. Cas. 1183, 1187, No. 13,339; Hardt v. Heidweyer, 152 U. S. 547, 559, 14 Sup. Ct. 671, 38 L. Ed. 548; Stearns v. Page, 7 How. 819, 829, 12 L. Ed. 928; Badger v. Badger, 2 Wall. 87, 95, 17 L. Ed. 836; Wood v. Carpenter, 101 U. S. 135, 141, 25 L. Ed. 807; Felix v. Patrick, 145 U. S. 317, 332, 12 Sup. Ct. 862, 36 L. Ed. 719; Foster v. Mansfield & Coldwater, etc., R. R. Co., 146 U. S. 88, 100, 13 Sup. Ct. 28,

36 L. Ed. 899; Johnston v. Standard Mining Co., 148 U. S. 360, 370, 13 Sup. Ct. 585, 37 L. Ed. 480.

The facts material to the determination of this question of laches are these: Mann obtained his judgment in 1885, and issued executions upon it from time to time, which were returned nulla bona. The judgment debtors were Tillett and Bloomfield. Bloomfield caused the title to some land which he obtained to be vested in Wm. Thomson, who was an intimate friend of Tillett, and Mann subsequently recovered some of this land from Thomson, and released Bloomfield. In January, 1889, the property here in controversy was conveyed by two deeds from third parties to Mrs. Stortes, the sister of Tillett, and in February, 1889, she conveyed it by two deeds to Wm. Thomson, and died in 1890. On November 16, 1895, Thomson made a deed of one of these tracts to Mrs. Tillett and a deed of the other to Mrs. Conklin, the daughter of Mrs. Stortes. On March 14, 1896, Tillett died. On March 16, 1896, all these deeds which had been withheld from record until that time were recorded in Arapahoe county, Colo. Mann lived in that county, and he supposed that Tillett did. The will of Tillett was executed on November 17, 1895. It named Thomson as its executor, and he qualified and acted as such until April 29, 1897, when he died. Mrs. Tillett was appointed administratrix in September, 1897. She brought a suit in the court below to obtain a satisfaction of Mann's judgment, and that suit was pending in that court and in this until the lower court's decree of a revivor of the judgment was affirmed in this court in 1899. The complainant (Mann) pleaded that he searched the records repeatedly prior to 1896 for conveyances and deeds from Tillett, but that from 1895 until July, 1901, he made no such searches because he was satisfied that any farther search would be in vain, and because the litigation over the judgment was pending; that he first heard of Mrs. Stortes and Mrs. Conklin about July 14, 1901, and then learned by inquiry among the former friends and neighbors of Tillett that Mrs. Stortes was his sister, and that she was impecunious and had lived with, and been supported by, her brother; that he discovered the conveyances to Mrs. Stortes from her to Thomson and from Thomson to Mrs. Tillett and Mrs. Conklin on July 17, 1901, by an examination of the records in the office of the recorder of deeds of Arapahoe county; that he "first searched in the general indices contained in the office of said recorder for conveyances to the said Robert Tillett and in this way discovered the conveyance of certain premises by the said William Thomson to the said Kate E. Tillett."

The complainant testified in regard to his inquiries and efforts to discover this fraud between 1895 and 1901; that early in July, 1901, he learned that Mrs. Stortes was the sister of Tillett; that she owned and was in possession of the tract of land which is now held by Mrs. Conklin; that he then searched the records and found that she held a deed of it and that shortly before, probably three months before, he had searched the records to discover whether or not there was any property standing in the name of Tillett, or that had been conveyed to or by him and had not discovered any; and that he had been laying for Tillett for three or five years before, all the time looking

out to find property. No other reason or excuse for his failure to inquire for and to discover the relation of Mrs. Stortes to Tillett, or the record of the conveyances prior to July, 1901, is pleaded or proved.

The complainant was undoubtedly guilty of no laches previous to March 16, 1896, when the deeds to and from Mrs. Stortes and Thomson were recorded, because prior to that time there was nothing to awaken inquiry concerning them, and no means of securing knowledge of them were within his reach. But the statute of limitations sounded its warning incessantly after, as well as before, the deeds were recorded. It never ceased to cry: Your right to maintain a suit for relief from a fraud is limited to three years after the time when by the use of reasonable diligence a person of ordinary prudence in your situation would have discovered the facts which constitute it. Prior to March, 1896, Mann had repeatedly searched the records for conveyances to and from Tillett, but from February, 1896, until March, 1901, a period of more than five years, he made no search. In July, 1901, he learned by inquiry among the friends and neighbors of Tillett that Mrs. Stortes was his sister, that she was poor and had lived with, and been supported by, her brother, and that she owned and occupied the property now held by Mrs. Conklin. He then searched the records and found the conveyances to and from Mrs. Stortes and Thomson. Mrs. Stortes had then been dead ten years, Tillett more than five years, and Thomson more than four years. A like inquiry among the neighbors and friends of Tillett, and a like search at any time after March, 1896, would undoubtedly have discovered the same facts. The facts and the means of discovery remained the same from March 16, 1896, until July, 1901. On July 17, 1901, he searched the indices of the records of Arapahoe county for conveyances to and from Tillett, and in that way he discovered the deed to Mrs. Tillett and the deeds to Mrs. Stortes and Thomson which preceded that deed in the chain of title. A search of these indices with equal diligence at any time after March 16, 1896, would have disclosed these deeds.

This suit was instituted more than five years after the deeds assailed were spread upon the public records. The statute barred suits for relief against frauds in three years after the discovery of the facts which would awaken a person of reasonable prudence to an inquiry that would lead to their discovery. In the face of this statute, reasonable diligence required that the complainant, who suspected conveyances of real estate would be made or procured by Tillett for the purpose of concealing his property and defrauding his creditors, should examine the public records in his name, which would be likely to disclose and which did disclose such conveyances, at least once in three years. He failed to make this search, and to inquire among Tillett's neighbors and friends so as to ascertain his relationship to Mrs. Stortes, until the statutory time had passed. The burden was upon him in this suit to show some sound reason why he did not make this search and inquiry in less than four years after the means of discovering the fraud were within his reach, and why a court of equity should refuse to apply its doctrine of laches until more than two years after the statutory limitation upon a like action had expired. He did not successfully bear this burden. He failed to establish any reasonable ex-

cuse for his postponement of his inquiry and search for more than four years after these deeds had been recorded. If by a failure to make the search and inquiry after the public record disclosed the means of discovery he could toll the limitation of the statute two years beyond the statutory time, it is not perceived why by a continued failure he might not toll it indefinitely; and as no equitable reason has been shown why the doctrine of laches should not be applied after the expiration of the limitation, the complainant has no standing in equity. He was guilty of laches which bars his suit, and the decrees below must be affirmed.

It is so ordered.