### CLAPP v. LEAVENS et al.

(Circuit Court of Appeals, Eighth Circuit.   September 14, 1908.)

#### No. 2,736.

1. LIMITATION OF ACTIONS—SUIT TO RECOVER REAL PROPERTY—MISSOURI STATUTE.

Rev. St. Mo. 1899, § 4262 (Ann. St. 1906, p. 2335), which limits the time within which an action may be brought for the recovery of lands to 10 years, and which under the decisions of the state Supreme Court applies to all suits, whether legal or equitable, may be invoked in a federal court by a purchaser in possession under a deed executed on a foreclosure sale in a suit by the mortgagor to redeem, where the possession of the defendant was adverse.

2. SAME.

Complainant alleged in his bill that his grantor executed a mortgage on the land in controversy from the proceeds of which the mortgagee agreed to pay off a prior mortgage; that he paid such mortgage, but took an assignment thereof and foreclosed it, becoming the purchaser at the foreclosure sale; that complainant, who had become the owner of the land, was present at the sale and gave notice that the mortgage under which it was made had been paid; that the purchaser shortly after the sale took possession of the land, and he and his grantees had remained in possession since, a period of more than 10 years.  *Held*, that such possession was referable solely to the first mortgage, and adverse, and that a suit to recover the land by redeeming from the second mortgage was barred by Rev. St. Mo. 1899, § 4262 (Ann. St. 1906, p. 2335).

3. SAME—RUNNING OF STATUTE—IGNORANCE OF RIGHTS.

The mere ignorance of a plaintiff of his cause of action will not prevent the running of the statute of limitations, but there must have been some concealment of facts which ordinary diligence could not discover.

4. MORTGAGES — REDEMPTION FROM FORECLOSURE SALE—FINANCIAL INABILITY TO REDEEM.

The fact that a mortgagor was not financially able to redeem from a foreclosure sale will not prevent the running of the statute of limitations against his right to redeem.

Appeal from the Circuit Court of the United States for the Western District of Missouri.

Addison Brown, for appellant.

C. W. Hamlin (Kirk Hawkins and W. D. Tatlow, on the brief), for appellees.

Before SANBORN and VAN DEVANTER, Circuit Judges, and W. H. MUNGER, District Judge.

W. H. MUNGER, District Judge.  From the decree of the Circuit Court, sustaining a demurrer to a bill, this appeal is prosecuted.  The bill, in substance, alleged that one Alexander Clapp was seised in fee of the real estate in question, and that on April 16, 1887, he executed a deed of trust to one H. B. Leavens, as trustee, to secure to

the New England Trust Company the payment of a note for $5,000, due April 1, 1893, with annual interest thereon, which trust deed provided for the substitution by the beneficiary of a trustee when the trustee named refused to act. On November 12, 1890, he executed to one McHaffie a deed of trust upon the lands in question to secure the sum of $742. Subsequently several judgment liens were obtained by different persons upon said land. For the purpose of paying off all of said incumbrances Alexander Clapp, on November 12, 1890, executed to one John O'Day a deed of trust to secure the sum of $7,500, due November 12, 1895, with annual interest coupons. It is alleged that O'Day was to pay off all the prior incumbrances with the $7,500; that he paid to the New England Trust Company the amount due it, and took an assignment of the note held by it, to enable him to satisfy of record the trust deed securing it, which he agreed to do; and that he paid off the McHaffie mortgage, but did not pay any of the judgments, and did not satisfy of record the deed of trust so assigned to him for that purpose.

It is also alleged in the bill that, for the purpose of cutting off and defeating the liens of said judgments and preventing the redemption of said land from the deed of trust and obtaining title to the lands at less than their value, O'Day, in February, 1892, without any refusal to act on the part of said H. B. Leavens as trustee, substituted one F. C. O'Day as trustee, and caused to be published a notice that a sale of said lands would be had under the power contained in the deed of trust to secure said New England Trust Company, said sale to take place March 19, 1892, and that on January 21, 1891, Alexander Clapp conveyed by warranty deed the lands in question to this plaintiff. At the time and place the said lands were advertised to be sold under the power contained in the trust deed to secure the New England Trust Company, to wit, March 19, 1892, plaintiff was present and gave public notice to the bystanders that the deed of trust under which the sale was being made had been fully paid and should have been released of record; that by reason of having failed in business plaintiff was insolvent at said time, and could not raise any money with which to offer to redeem said land, and has never since said sale until the present time, owing to lack of money, been able to redeem said land. The sale was made, however, and the lands bid in by O'Day for the sum of $3,000. It is alleged that the lands were worth $12,000. The bill says:

"That soon after said sale the plaintiff, knowing the same to have been wholly unauthorized and void, and knowing that the said John O'Day was the holder of the $7,500 deed of trust, permitted said O'Day to take possession of said farm because he was the holder thereof."

It is alleged that O'Day, and those claiming under him, have ever since been in continuous possession of said premises, receiving the rents and profits thereof, have cut large amounts of timber therefrom, and have refused to account to plaintiff. June 1, 1893, O'Day conveyed by warranty deed portions of the land to one J. W. Barron. July 23, 1894, O'Day conveyed by warranty deed other portions of the lands to one J. R. Willyard. July 31, 1895, O'Day conveyed by war-

ranty deed to Edward and Ella Young the remaining portion of said lands. Various trust deeds and various conveyances have subsequently been made of said lands by said purchasers. It is alleged in the bill:

"That each and all the several grantees, and R. U. Sprague, mentioned in the foregoing deeds and deeds of trust, before the purchase by them, or the loan or the payment of the purchase price by them, had had notice of the herein claim and right of plaintiff in the said land, and of his intention to assert his claim thereto and his rights thereunder."

July 30, 1901, said John O'Day died, and defendants E. W. Bannister and Sue Baldwin O'Day became executors of his estate. The bill prays for an accounting of the rents and profits since said sale under the trust deed to the New England Trust Company, that plaintiff may redeem from the $7,500 mortgage, that the sale made to John O'Day under the trust deed to secure the New England Trust Company be annulled, set aside, and held for naught, and that upon payment by plaintiff of whatever may be found to be due upon the $7,500 mortgage the several defendants be ordered and decreed to surrender and deliver up possession of the premises to plaintiff.

The several defendants demurred to the bill upon the ground that the cause of action was barred by the statute of limitations and by laches on the part of the plaintiff.

The case of Stout v. Rigney, 107 Fed. 545, 46 C. C. A. 459, was in all respects very similar to this one, and in that case Judge Thayer, writing the opinion of this court, discussed the statute of limitations of the state of Missouri, and the decisions of the Supreme Court of that state relative to the same, so fully that it is unnecessary for us now to again go over the same ground. It is sufficient to say that the Supreme Court of the state, in construing the statute of limitations of that state, have held that adverse possession of real estate during the 10-year period of the statute is not only a bar to an action to recover possession, but vests title in such adverse holder. Barry v. Otto et al., 56 Mo. 177; Ridgeway v. Hulday, 59 Mo. 444; Scannell v. American Soda Fountain Co., 161 Mo. 606, 61 S. W. 889. It has also been held that the statute of limitations of the state is applicable to all actions, equitable as well as legal. Rogers v. Brown et al., 61 Mo. 187; Cockrill v. Stafford, 102 Mo. 57, 14 S. W. 813. In the last cited case it is said:

"As against a mortgagor the relation is generally terminated when the mortgagee takes possession of the mortgaged premises, and from that time the statute begins to run."

In McNair et al. v. Lot et al., 34 Mo. 285, 302, 84 Am. Dec. 78, it is said:

"Thus stands the law in cases directly between mortgagor and mortgagee, where it is seen the possession of the mortgagee with the bare omission to recognize the existence of the mortgage for the period of time which by the statute of limitations would be required to bar a legal title is a bar to the equity of redemption."

It is claimed that, as the sale under the trust deed to secure the New England Trust Company was void, O'Day's possession, and that of his

grantees with knowledge, must be held and treated as simply that of a mortgagee in possession under the $7,500 mortgage. We think it clear, however, from the facts stated in the bill, that the possession of O'Day and his grantee was not that of a mortgagee. At the time of the sale plaintiff was present, and announced that the trust deed, under which the sale was being had, had been paid off, and that the sale would be invalid; but, notwithstanding this, O'Day purchased and went into possession, exercised acts of full and complete ownership, and conveyed the premises by deeds of warranty. Those claiming under him have exercised the same rights of ownership, have given deeds of trust to secure debts, and executed conveyances. True, plaintiff alleges that, knowing that O'Day was the holder of the $7,500 deed of trust, he permitted him to take possession of the premises; but the reason which may have induced plaintiff to permit O'Day to obtain possession in no manner affects the character of O'Day's possession, as it is not alleged that he went into possession with any such understanding.

But one conclusion can be drawn from the facts, and that is that O'Day went into possession claiming absolute title under the sale made under the trust deed given to secure the New England Trust Company, and that he completely repudiated all interest of plaintiff in the premises. It is, however, said that, as the trust deed to O'Day to secure this $7,500 did not mature until November 12, 1895, a cause of action to redeem did not accrue until that date, and, as this action was commenced November 11, 1905, the 10-year statute of limitations had not run against the right to redeem. If the possession of O'Day and those holding under him was by virtue of the $7,500 mortgage executed November 12, 1890, there would be much force to this proposition; but they do not assert title or possession by virtue of that mortgage. Their claim to title and possession is clearly shown to be under and by virtue of the sale made in March, 1892, under the trust deed to secure the New England Trust Company, and plaintiff's cause of action to set aside and annul that sale accrued immediately. It is alleged in the bill:

"That plaintiff never learned until more than 13 years after said pretended sale that the trustee in the said deed of trust to the New England Trust Company had never been called upon to act as trustee, and advertise and make sale of the said land under the provisions of said deed of trust."

It is argued that for that reason the statute did not begin to run until after such discovery. Such an allegation is insufficient. Redd v. Brun, 157 Fed. 190, 84 C. C. A. 638; Wood v. Carpenter, 101 U. S. 135, 140, 25 L. Ed. 807; National Bank v. Carpenter, 101 U. S. 567, 25 L. Ed. 815. The mere ignorance of the plaintiff of his cause of action will not prevent the running of the statute. There must be some concealment of facts which ordinary diligence could not discover. In this case none are pleaded. Plaintiff knew of the substitution of a trustee, and we cannot presume that, had he made inquiry, he would not have ascertained the truth in respect to whether Leavens as trustee had refused to act. Plaintiff did know, however, that the deed of trust had been fully paid, and that the sale was unauthorized

164 F.—21

and void, as announced by him at the time of the sale. He thus at that time had knowledge of facts constituting his cause of action. Plaintiff's claim that his failure to redeem from that sale was because of financial inability to do so is not availing. Hayward v. National Bank, 96 U. S. 611, 618, 24 L. Ed. 855; Washington v. Opie, 145 U. S. 214, 12 Sup. Ct. 822, 36 L. Ed. 680; Leggett v. Standard Oil Co., 149 U. S. 287, 13 Sup. Ct. 902, 37 L. Ed. 737.

We think it clear that the demurrers to the bill were properly sustained, and the decree is affirmed.