UNITED STATES v. FLETCHER et al.

(Circuit Court of Appeals, Eighth Circuit. May 7, 1917.)

No. 4781.

1. EQUITY ⊚⇒67—LACHES IN PROSECUTION OF SUIT.
    A party is as much open to the charge of laches for failure to prosecute a suit diligently as for undue delay in its institution.
    [Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 191–196.]

2. PUBLIC LANDS ⊚⇒120—CANCELLATION OF GRANT—LACHES.
    While the United States is not barred by laches from maintaining a suit brought to enforce a public right, or to assert a public interest, and in which it is a real party in interest, it is so barred from maintaining suits in which it is merely a formal party, brought to enforce the rights of individuals, and involving no interest of the government, such as a suit to cancel grants of public lands in the interest of another claimant.
    [Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 332–335.]

3. PUBLIC LANDS ⊚⇒120—CANCELLATION OF GRANT—LACHES.
    In 1874 a person claiming the right to enter land as a pre-emption filed his final proofs, which were allowed and a patent was issued. The final proofs were allowed, however, subject to appeal by F., who was in possession of the land, having made a preliminary homestead entry thereon. The Land Office decided in favor of F., and suit was brought to cancel the patent. After some preliminary steps no further steps were taken to prosecute the suit for 30 years. Held, that the suit was barred by laches, as the government was a mere nominal party, and the object of the suit was to perfect F.'s title, especially where in the meantime a party claiming under the patent had recovered a judgment awarding the ownership and possession of the land to him, and in reliance on such judgment a third party had purchased and paid for the land and improved it.
    [Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 332–335.]

Appeal from the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit by the United States against Nathan R. Fletcher and others. From a decree (231 Fed. 326) for defendants, the United States appeals. Affirmed.

E. W. Fiske, Asst. U. S. Atty., of Sioux Falls, S. D. (Robert P. Stewart, U. S. Atty., of Sioux Falls, S. D., and George Philip, Asst. U. S. Atty., of Rapid City, S. D., on the brief), for the United States.

Edward E. Wagner, of Sioux Falls, S. D. (Alan Bogue, Jr., of Centerville, S. D., on the brief), for appellees.

Before HOOK and STONE, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge. This suit was begun in 1879 by a bill of complaint filed by the United States in the District Court for the territory of South Dakota, against Nathan R. Fletcher. It alleged that Fletcher had filed his declaratory statement and made final proof, claiming the right to enter 160 acres of land in South Dakota as a pre-emption, and had delivered a military bounty land warrant in payment, and that the officers of the land department, relying upon his compliance with the pre-emption laws and his proofs thereof, had issued a patent to him for the land. It was alleged that Fletcher had not complied with the laws relating to settlement, residence, and cultivation, that his declaratory statement and final proof statements were false and fraudulent, and the prayer was for a cancellation of the patent. In 1880, an amended bill was filed making Hannah Jones a party, alleging that Fletcher had conveyed the land to her. Hannah Jones filed an answer in 1880, and in 1881 she took and filed the depositions of some witnesses. In 1884, a demurrer was overruled. No further steps were taken in the prosecution of this suit for the next 30 years, when the United States applied for and was granted leave to file an amended bill making Charles Gors, as the holder of the legal title, a party defendant. Gors answered, denying the charges of fraud and mistake in issuance of the patent to Fletcher, alleging the conveyances by which he derived title, and pleading the defense of laches in the prosecution of the suit. The result of a trial of these issues was a decree in favor of the defendant Gors, and the United States has appealed, claiming the decree to be erroneous because the proofs showed the patent to have been erroneously issued, and that Gors had notice of the suit when he obtained his conveyance. If the defense of laches bars the maintenance of this suit, it will be unnecessary to determine the other questions argued. It was established that Fletcher filed his declaratory statement at the United States Land Office on December 18, 1873, claiming the right to enter this land as a pre-emption and alleging that he had made settlement thereon. On September 5, 1874, Fletcher filed his final proofs and delivered a military bounty land warrant in payment for the land. On October 15, 1875, a patent was issued to him. Between the date of the filing of Fletcher's declaratory statement and the date of his final proofs, one Daniel Farnum made a preliminary homestead entry of this land, on April 4, 1874. He began residence upon the land in April or May of that year, establishing himself in a rude, but habitable, dwelling thereon, and has

resided on the land ever since. He built a more substantial house on the land after he had resided in the first one for two or three years, and that has been his home since it was erected. Farnum began the cultivation of a portion of the land as soon as he first moved upon it, and soon had 20 acres under plow.

When Fletcher's final proofs were allowed by the officers of the land department, it was subject to an appeal by Farnum; but the Commissioner of the General Land Office on December 6, 1877, found that no notice had been given to Farnum, and that Farnum was the rightful claimant to the land and that his entry was intact. The register and receiver were directed to demand of Fletcher the return of the patent.

[1] The bill in this case was filed on January 13, 1879. Has the United States been guilty of such laches as bars its right to the relief prayed? A party is as much open to the charge of laches for the failure to prosecute a suit diligently as if he had unduly delayed its institution. Johnston v. Standard Mining Co., 148 U. S. 360, 13 Sup. Ct. 585, 37 L. Ed. 480; Willard v. Wood, 164 U. S. 502, 17 Sup. Ct. 176, 41 L. Ed. 531; Northrup v. Browne, 204 Fed. 224, 122 C. C. A. 496; Drees v. Waldron, 212 Fed. 93, 128 C. C. A. 609. The delay of 30 years in the prosecution of this suit is unexplained.

[2] While the United States is not barred by laches from maintaining a suit brought to enforce a public right or to assert a public interest, and in which it is the real party in interest, it is so barred from maintaining suits in which it is merely a formal party, brought to enforce the rights of individuals, and involving no interest of the government. This distinction has often been declared in suits brought in the name of the United States to cancel grants of the public lands. United States v. Beebe, 127 U. S. 338, 8 Sup. Ct. 1083, 32 L. Ed. 121; United States v. Des Moines Navigation & Railway Co., 142 U. S. 510, 12 Sup. Ct. 308, 35 L. Ed. 1099; Moran v. Horsky, 178 U. S. 205, 20 Sup. Ct. 856, 44 L. Ed. 1038; United States v. Chicago, M. & St. P. Ry., 195 U. S. 524, 25 Sup. Ct. 113, 49 L. Ed. 306; Curtner v. United States, 149 U. S. 662, 13 Sup. Ct. 1041, 37 L. Ed. 890; United States v. Chicago, M. & St. P. Ry. Co., 116 Fed. 969, 54 C. C. A. 545. In the case last cited the United States sought to recover land claimed to have been certified improperly to the state as part of a grant, when there was an existing homestead entry. One Donovan had lodged a contest against this claim of homestead and had filed an application to enter it as a homestead, if the contested entry were canceled. When the cancellation occurred, his application was refused; but Donovan used the land for 18 years, in connection with other lands of his own, and then possession was taken by one who claimed title through the original grantee. Eight years later the suit was filed. This court held that it conclusively appeared that the United States had no interest in the land, and that the object of the suit was to restore the land to the United States, in order that it might convey it to Donovan, as the claimant of a right of homestead thereon, and that the bar of laches was complete.

[3] The principles announced and applied in that case are conclusive in the determination of this case. This suit was begun, after the

land department had upheld the entry of Farnum, had found that he had complied with the homestead law, and was in aid of his entry. Farnum has ever since resided upon this land, claiming it as his homestead. The object of this suit is not to recover the land for the public domain, but to remove an obstacle to the perfection of Farnum's title. The government is therefore a mere nominal party, and the delay in the prosecution of the suit for 30 years, when the analogous statute of limitations applying to suits brought to annul patents limits the bringing of suits after 5 or 6 years (Act March 3, 1891, c. 561, § 8, 26 Stat. 1099 [Comp. St. 1916, § 4992]), is fatal to the granting of the relief asked, unless it would be inequitable to allow the defense in this case. The evidence shows that a suit was brought in the United States Circuit Court for South Dakota against Farnum by Allen, the grantee of Hannah Jones, and in that suit a judgment was rendered in 1896, finding and awarding the ownership and possession of the land to the plaintiff. Gors purchased the land of Allen's devisee in 1900, and paid $3,500 for it, relying upon this judgment against Farnum. Since that time he has occupied the land, except a small portion adjacent to Farnum's house, and has expended over $4,000 in improvements on the land. He has not sought to evict Farnum, because of his advanced age. Regardless of any questions of estoppel by reason of this judgment, or of the right of Gors to be called an innocent purchaser, or of the notice of this suit, the position of Gors appeals favorably to a court of equity as against the long and unexplained delay of the government in the prosecution of this suit.

The decree of the lower court will be affirmed.