**MAISON DORIN SOCIÉTÉ ANONYME v. ARNOLD et al. (two cases).**

(Circuit Court of Appeals, Second Circuit. January 17, 1927.)

Nos. 257, 258.

1. **Courts** ⊜⟹352—Purpose of rule relating to continuance beyond term is to prevent continuance from term to term by mere consent of parties (equity rule 57).

Purpose of equity rule 57, providing that suits shall not be continued beyond the term, save in exceptional cases by order, on good cause shown, is to prevent continuance of suits from term to term simply by consent of parties.

2. **Courts** ⊜⟹78—Rules are made to regulate procedure and facilitate business before courts.

Rules are made to regulate procedure and practice and to facilitate transaction of business before courts.

3. **Courts** ⊜⟹351½—District Court has discretion to refuse dismissal of suit not reinstated on trial calendar within year, and may during term vacate order inadvertently entered (equity rule 57).

Provision of equity rule 57 that, if suit is not reinstated within year after it is dropped from trial calendar, it shall be dismissed without prejudice, does not mandatorily require dismissal, but District Court has discretion to refuse dismissal, and can, during term at which order was entered through inadvertence or mistake, vacate order and reinstate suit on calendar.

4. **Courts** ⊜⟹422—District Courts may extend terms by special order or general rule.

District Courts have power to extend their terms for specified times, either by order in particular case or by a general order in the form of a rule.

5. **Courts** ⊜⟹422—District Court rule extending term 90 days for taking any action required to be taken during term held valid (General Rules of District Court of Southern District of New York, rule 5).

General Rules of District Court of Southern District of New York, rule 5, extending term of court 90 days from date of entry of final judgment or decree for purpose of taking any action required to be taken during term, *held* valid, and must be reasonably construed.

6. **Judgment** ⊜⟹341—Court has complete power over its decrees during term at which made.

District Court has complete power over its decrees during continuance of term at which they are made.

7. **Courts** ⊜⟹351½—Notice of motion to vacate order dismissing cause held properly served on plaintiff's solicitors (equity rule 57).

Notice of motion to vacate order dismissing cause under equity rule 57 was properly served on plaintiff's solicitors, since, in absence of substitution or incapacity of attorneys for plaintiff, their authority as attorneys for plaintiff continued.

16 F.(2d)—62

8. **Courts** ⊜⟹351½—Court properly reinstated temporary injunction on granting motion to vacate dismissal of cause (equity rule 57).

On granting of motion to vacate order dismissing cause under equity rule 57, court properly reinstated temporary injunction as incidental thereto, and no other motion papers were necessary; no cause being shown to vacate injunction.

9. **Injunction** ⊜⟹163(5)—That plaintiff, temporarily enjoined from doing certain acts, sold its business, held not to affect defendants' right to prosecute counterclaim.

That plaintiff, temporarily enjoined from doing certain acts, sold its business involved in litigation, pending suit, *held* not to affect defendants' right to continue prosecution of counterclaim.

10. **Courts** ⊜⟹351½—Court, in vacating dismissal and reinstating preliminary injunction, properly imposed condition that injunction be suspended between dates of dismissal and reinstatement (equity rule 57).

Court, in granting defendants' motion to vacate order dismissing cause under equity rule 57 and reinstating preliminary injunction against plaintiff, properly imposed condition that preliminary injunction be regarded as suspended between date of order of dismissal and date of vacation of dismissal.

11. **Courts** ⊜⟹351½—Objection that no new bond was given on reinstating preliminary injunction held without merit, where surety filed consent (equity rule 57).

Where surety on preliminary injunction bond, on reinstatement of preliminary injunction and vacation of order dismissing cause under equity rule 57, filed consent that bond on which injunction was originally granted is outstanding in full force and effect, objection that no new bond was given was without merit.

Appeals from the District Court of the United States for the Southern District of New York.

Suit in equity by the Maison Dorin Société Anonyme against John W. Arnold and others, copartners doing business under the firm name and style of F. R. Arnold & Co. From an order (1) reinstating this cause after it had been dismissed under equity rule 57, and (2) an order denying plaintiff's motion to dissolve a preliminary injunction, the plaintiff appeals by two separate appeals. Affirmed.

Prior to April, 1925, a preliminary injunction was granted in favor of defendants and against plaintiff. On April 1, 1925, this case appeared on the calendar, was called, and, no one answering on behalf of either party, the clerk marked it off the calendar under rule 57.

On April 2, 1926, Judge Thacher signed an order dismissing this case under rule 57. This order was not made on notice, nor on

the application of either party, but was presented by the clerk of the court.

On May 18, 1926, the defendants' solicitors served upon plaintiff's solicitors a notice of motion to vacate the order dismissing the cause under rule 57. On June 1, 1926, the motion was argued, the plaintiff appearing specially to contest the jurisdiction of the court.

On June 16, 1926, the court filed its opinion herein, sustaining the power of the court, at the time the motion was made, to vacate the said order of dismissal and reinstate the cause and restore it to the calendar, and granted the motion of the defendants, upon the proviso and condition that the defendants stipulate that the said preliminary injunction be, and be regarded as, suspended and having no effect between April 2, 1926, and the date of the entry of the order vacating the order of dismissal of April 2, 1926.

The defendants having filed such stipulation, the order appealed from was made and filed on July 15, 1926

The order appealed from, denying plaintiff's motion to dissolve the preliminary injunction, was made and filed on August 2, 1926.

Coudert Bros., of New York City (Charles B. Samuels, Hugo Mock, and Asher Blum, all of New York City, of counsel), for appellant.

Armstrong, Keith & Kern, of New York City (Joseph W. Murphy, of New York City, of counsel), for appellees.

Before MANTON and HAND, Circuit Judges, and CAMPBELL, District Judge.

CAMPBELL, District Judge (after stating the facts as above). Appellant contends that under equity rule 57, after a cause has been dismissed under its terms, the District Court has no power to recall the parties, and no authority to hear a motion to vacate an order granted under said rule, without the permission of the Supreme Court of the United States, and bases its contention largely upon the apparently mandatory phrase "shall be dismissed" contained in said rule.

Equity rule 57 reads as follows:

"After a cause shall be placed on the trial calendar it may be passed over to another day of the same term, by consent of counsel or order of the court, but shall not be continued beyond the term save in exceptional cases by order of the court upon good cause shown by affidavit and upon such terms as the court shall in its discretion impose. Continuances beyond the term by consent of the parties shall be allowed, on condition only that a stipulation be signed by counsel for all the parties and that all costs incurred theretofore be paid. Thereupon an order shall be entered dropping the case from the trial calendar, subject to reinstatement within one year upon application to the court by either party, in which event it shall be heard at the earliest convenient day If not so reinstated within the year, the suit shall be dismissed without prejudice to a new one."

[1] The purpose of rule 57 was to prevent the continuance of suits from term to term simply by consent of the parties, but the court was vested with discretion in exceptional cases to continue the suit beyond the term. This case was not continued by the consent of the parties, but was marked off the calendar by the court because neither party answered when the case was called.

[2] Rules are made to regulate procedure and practice and to facilitate the transaction of business before the courts, and of necessity the District Court must be vested with discretion in its application of rule 57, because to construe it literally, in accordance with plaintiff's contention, would deprive the court of the control of its calendars and in many instances work great injustice.

[3] To hold that the Supreme Court intended by the last sentence of the rule to take from the District Court all discretion would be out of harmony with the general purpose of the rules as announced by that court (Washington-Southern Co. v. Baltimore Co., 263 U. S. 629 at page 635, 44 S. Ct. 220, 68 L. Ed. 480), and even in the last case cited by the appellant, some time after the argument (Los Angeles Brush Manufacturing Corporation v. James, 47 S. Ct. 286, 71 L. Ed. ——).

Holding, as we do, that the District Court was vested with discretion to refuse to make the order of dismissal, it follows that during the term at which the order was entered the court could, if it found that the order had been entered pro forma through inadvertence or mistake, and that thereby an injustice had been done, vacate the order of dismissal and reinstate the suit on the calendar. The Palmyra, 25 U. S. (12 Wheat ) 1, at page 9, 6 L. Ed. 531.

Under the statute the terms of the United States District Court in the Southern District of New York are held on the first Tuesday in each month, and unless the April, 1926, term of said court was extended, the same expired on May 5, 1926.

[4] Citation of authority is unnecessary to show that the District Courts have power to extend their terms for specified times, and

this may be accomplished either by order in a particular case or by a general order in the form of a rule.

[5] So much of rule 5 of the General Rules of the District Court of the Southern District of New York as is necessary for consideration provides as follows:

"For the purpose of taking any action which must be taken within the term of the court at which final judgment or decree is entered, each term of court is extended for ninety days from the date of entry of the final judgment or decree."

Whether dismissal was granted by what was called an order or decree is of no moment, because thereby, under rule 57, it would have been finally disposed of, though not on its merits, and, even if such dismissal was without prejudice to a new action, it was accomplished by what was described in such rule as a final decree. This rule was a valid rule, applied to this case, and must receive a reasonable construction.

[6] The said April, 1926, term was thereby extended to July 1, 1926, and the motion to vacate was made and granted during such term as so extended. The court has complete power over its decrees during the continuance of the term at which they are made. Henderson v. Carbondale Coal & Coke Co., 140 U. S. 25, 40, 11 S. Ct. 691, 35 L. Ed. 332.

[7] Jurisdiction over the parties continues and need not be regained. There has been no substitution of the attorneys for plaintiff, nor had they become incapacitated to act; therefore their authority as attorneys for the plaintiff continued, and service of the motion papers was properly made upon the solicitors for the plaintiff. Brown v. Arnold, 131 F. 723 (C. C. A. 8th); Bathgate v. Haskin, 59 N. Y. 533, at page 535; Miller v. Miller, 37 How. Prac. (N. Y.) 1; Flanders v. Sherman, 18 Wis. 575; Branch v. Walker, 92 N. C. 87; Drury v. Russell, 27 How. Prac. (N. Y.) 130.

[8] The parties were before the court on the motions to vacate the dismissal, and, as incidental to that, the reinstatement of the injunction, and argument in opposition thereto was made on behalf of the appellant. No other motion papers were required, and no cause was shown to vacate the injunction.

Plaintiff was not restrained by the injunction from selling its business, and might at any time while the injunction was in force have made such a sale. The injunction, as originally granted and reinstated, restrained the plaintiff from doing certain acts here.

[9] Whatever may be the effect of such sale upon the plaintiff's chances of success in this suit, it can have no effect upon the defendants' right to continue the prosecution of their counterclaim.

[10] The condition upon which the reinstatement of the injunction was granted, that it be regarded as suspended and having no effect between April 2, 1926, and July 15, 1926, was proper, and the court which had power to open the default and vacate the dismissal had power to reinstate the injunction.

[11] The objection that no new bond was given on continuing the injunction lacks merit, as it appears that the surety on the bond on which the injunction was originally granted filed its consent that the bond is now outstanding "in full force and effect."

The motion to vacate the dismissal and reinstate the injunction was not referred to the judge who had dismissed the suit, but was heard by the judge calling the motion calendar, in the exercise of his discretion, and appellant has failed to make any showing which warrants any interference with the exercise of that discretion.

The orders are affirmed.