## D. O. HAYNES & CO. v. DRUGGISTS' CIRCULAR.

Circuit Court of Appeals, Second Circuit. April 8, 1929.

No. 250.

• Archibald Cox and Spencer A. Studwell, both of New York City, for appellant.

Duell, Dunn & Anderson, of New York City (Clifford E. Dunn and David A. Woodcock, both of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge. This is an appeal from a decree for infringement of copyright of a directory for a list of chemicals and remedies arranged alphabetically, which was granted to the appellee. An interlocutory decree entered below directed an accounting, which proceeded before a master, after a delay of nine years—October 27, 1915 until July 24, 1924—during which time no action of any kind was taken, although the master wrote appellee, asking it to proceed.

The infringement found was copyrighting the price list, and the decree enjoined the appellant or its officers from publishing, circulating, or distributing the book list or directory as an infringement of appellee's copyright, and particularly its price list of November, 1911, known as "The Druggists' Circular, Whole Number 659 or Red Book Price List of November, 1911 Edition." The master, to whom the accounting was referred, directed the appellant to file an account showing the number of infringing copies made, the number sold, the number in appellant's possession, the cost of manufacturing copies, and a statement of the selling price. Such an account was filed on October 27, 1915; the appellee examined the appellant's general manager, and an order for a further account was sought, but withheld, until evidence which the appellee desired to adduce had been received. It was not until July 22, 1924, that the master, at the request of the appellee, issued a subpœna directing the appellant to appear before him for taking further testimony. In the interim no proceedings were taken.

Appellant argues that no decree should be awarded, granting damages, because of laches of the appellee. Laches has long been regarded as an inexcusable delay in asserting a right. Mathieson v. Craven (D. C.) 247 F. 223; In re International Mineral Co. (D. C.) 222 F. 415. Neglect for an unreasonable and unexplained length of time, under circumstances permitting diligence, to do what in law should have been done, is

laches. Drees v. Waldron (C. C. A.) 212 F. 93; Newberry v. Wilkinson (C. C. A.) 199 F. 673. Such neglect to assert a right, taken in conjunction with lapse of time more or less great, and other circumstances causing prejudice to an adverse party, operate as a basis for laches in a court of equity. Patterson v. Hewitt, 195 U. S. 309, 25 S. Ct. 35, 49 L. Ed. 214; Galliher v. Cadwell, 145 U. S. 368, 12 S. Ct. 873, 36 L. Ed. 738; U. S. v. Fletcher (C. C. A.) 242 F. 818; Waller v. Texas & P. Ry. Co. (C. C. A.) 229 F. 87; Halstead v. Grinnan, 152 U. S. 412, 14 S. Ct. 641, 38 L. Ed. 495; Hansen v. Slick (D. C.) 216 F. 164; London, etc., Bank v. Dexter Horton & Co. (C. C. A.) 126 F. 593.

However, it is to be distinguished from a statutory limitation, which signifies a fixed statutory period, whether expressly applicable to suits in chancery or followed by analogy. Horton v. Stegmyer (C. C. A.) 175 F. 756, 20 Ann. Cas. 1134. It usually involves prejudice, actual or implied, resulting from delay. Wilder v. Wilder, 82 Vt. 123, 72 A. 203. The power of a court of equity is invoked upon the basis of nothing less than conscience, good faith, and reasonable diligence, and chancery courts should not grant aid to a litigant who has negligently slept on his rights and suffered his demand to become stale, particularly where injustice would be done by granting the relief asked. The doctrine has been based in part on the injustice that might result from the enforcement of long-neglected rights, and the difficulty, and sometimes the impossibility, of ascertaining the truth of matters in controversy and doing justice between the parties. United States v. Beebe, 127 U. S. 338, 8 S. Ct. 1083, 32 L. Ed. 121. And likewise, on ground of public policy, it is a defense, its aim being the discouragement, for the peace and repose of society, of stale and antiquated demands. Penn Mutual Co. v. Austin, 168 U. S. 685, 18 S. Ct. 223, 42 L. Ed. 626; Alsop v. Riker, 155 U. S. 448, 15 S. Ct. 162, 39 L. Ed. 218.

The doctrine is peculiar to courts of equity; for "he who seeks equity must do equity" and he must "come into a court of equity with clean hands." Negligence in the prosecution of a suit after its commencement should bar relief. Merely instituting a suit does not of itself relieve a person from the operation of the rule of laches; if he fails to prosecute his suit diligently, it is the same as though no suit had been begun. Johnston v. Standard Mining Co., 148 U. S. 360, 13 S. Ct. 585, 37 L. Ed. 480; Sullivan v. Portland & K. R. Co., 94 U. S. 806,

24 L. Ed. 324; United States v. Fletcher (C. C. A.) 242 F. 818; Northrup v. Browne (C. C. A.) 204 F. 224. Long neglect to take advantage of leave given by a court to assert a right by bill or cross-bill may bar the right to file it. O'Brien v. Wheelock, 184 U. S. 450, 22 S. Ct. 354, 46 L. Ed. 636. And the right to enforce an order of the court may be lost by laches. White v. Horn, 224 Ill. 238, 79 N. E. 629, 115 Am. St. Rep. 155. Of course, delay in prosecuting a pending suit may be excused as in other cases of apparent laches. Each case presenting the claim of laches must depend on its own particular circumstances. The question is addressed to the sound discretion of the court. Brown v. Buena Vista Co., 95 U. S. 157, 24 L. Ed. 422; Redd v. Brun (C. C. A.) 157 F. 190.

Lapse of time is an important element of laches, and where, as here, a case has been delayed in proceeding before a master to whom the cause has been referred, and delayed beyond the operation of the longest period of a statute of limitations for tort or contract, the bar of laches is a good defense to the entry of a final decree involving a money judgment. Here nine years elapsed between the first hearing before the master and a continuation of the hearings before him. Long lapse of time has been held sufficient of itself to prevent relief. Gale v. Southern Building & Loan Co. (C. C.) 117 F. 732, appeal dismissed (C. C. A.) 130 F. 1021.

While a statute of limitations as enacted in some states applies, by force of its own terms, to suits for equitable relief as to actions at law (Pond Creek Co. v. Hatfield [C. C. A.] 239 F. 622; Chemical Bank v. Kissane [C. C.] 32 F. 429), ordinarily they do not apply to suits in equity, and accordingly, where the rights sought to be enforced in such a suit are purely equitable in character, and there is no corresponding legal right or remedy, there is nothing to which the statute may apply, and it does not govern even by analogy. Where there is a corresponding legal right or remedy, although equity may have exclusive jurisdiction over the enforcement of the right, courts of equity will apply the statute by analogy. They are not bound by the statute, but they use it as a measure for the delay in establishing laches. Relief ordinarily will be denied, if suit is brought after the expiration of the statutory period. Patterson v. Hewitt, supra; Hall v. Russell, 101 U. S. 503, 25 L. Ed. 829; Burgess v. Hillman (C. C. A.) 200 F. 929; Wilson v. Plutus (C. C. A.) 174 F. 317.

If this cause were at issue on the equity

calendar in the Southern district of New York, under rule I, it would have had to be tried when reached, or put over by order of the court for good reason shown, pursuant to equity rule 57. It would have been automatically dismissed at the end of a one-year period, unless the court refused to do so in the exercise of sound discretion. Maison Dorin v. Arnold (C. C. A.) 16 F.(2d) 977. While rule 57 does not apply here, rule 60 requires a master to diligently proceed, and permits either party to urge him so to do. Under rule 57, the court has the power, in maintaining the dispatch of its business, to direct the cause to appear pursuant to its rule. In Bernays v. Leyland & Co. (D. C.) 228 F. 913, the court recognized the force of rule 57, and a delay of 15 years resulted in a dismissal of the bill. See, also, Facer Forged Steel Car Wheel, etc., Co. v. Carnegie Steel Co. (C. C. A.) 295 F. 134.

At bar, no excuse is given for this long delay in proceeding with the hearing before the master. It is just such delays which have caused a just complaint against the administration of justice. It should not exist, particularly in equity cases. We hold that the appellee has been guilty of such laches in the prosecution of the proceedings before the master as to bar its right to a recovery of money damage. The costs and fee of the master will be imposed on appellee.

Decree reversed.