### NATIONAL BANK *v.* CARPENTER.

1. Where it appears by the complainant's bill that the remedy is barred by lapse of time, or that by reason of his laches he is not entitled to relief, the defendant may by demurrer avail himself of the objection.
2. Under the rules of equity practice established by this court, the complainant is not entitled, as a matter of right, to amend his bill after a demurrer thereto has been sustained; but the court may, in its discretion, grant him leave to do so upon such terms as it shall deem reasonable.
3. The order refusing him such leave cannot be reviewed here, if the record does not show what amendment he desired to make.
4. *Wood* v. *Carpenter* (*supra*, p. 135) reaffirmed.

APPEAL from the Circuit Court of the United States for the District of Indiana.

The facts are stated in the opinion of the court.

*Mr. Andrew L. Robinson* and *Mr. Asa Iglehart* for the appellant.

*Mr. Charles Denby* and *Mr. James Shackelford, contra.*

MR. JUSTICE SWAYNE delivered the opinion of the court.

This suit was brought by the Mercantile National Bank of the City of Hartford against Willard Carpenter, John Love, and DeWitt C. Keller. The chief difference between it and *Wood* v. *Carpenter* (*supra*, p. 135) is that it is in equity, while that was an action at law. The bill sets out the same facts in the same way as the declaration, except that the latter alleges a fraudulent purchase by Keller of a judgment in favor of Wood

against Carpenter, while the bill alleges such a purchase of a judgment in favor of the complainant against him and John Love. The defendants severally demurred. The demurrers were sustained, and the complainant asked leave to amend. Leave was refused and the bill dismissed. The complainant thereupon appealed to this court.

Our reasoning in the case at law and the authorities there cited are applicable here. It appears on the face of the bill that the case which it makes is barred by the Statute of Limitations, and that the excuse of concealment of "the cause of action" by the defendants is not so alleged as to avail the complainant. This defect can be taken advantage of by demurrer. *Rhode Island* v. *Massachusetts*, 15 Pet. 233; *Maxwell* v. *Kennedy*, 8 How. 210. The objection of laches is also fatally apparent. *Brown* v. *County of Buena Vista*, 95 U. S. 157; *Duncan* v. *Lyon*, 3 Johns. (N. Y.) Ch. 351. The demurrers of the defendants were, therefore, rightly sustained, and the bill was properly dismissed.

It is insisted that the complainant was entitled of right to amend under the 29th of the rules of equity practice established by this court, and that the learned judge below erred in refusing the leave asked for. That rule has no application and does not affect the case. It applies only where leave is asked before a demurrer is allowed. Formerly, upon the allowance of a demurrer to a whole bill, the bill was out of court, and no subsequent proceeding could be taken in the cause. 1 Daniel, Ch. Pr. 597; 1 Barb. Ch. Pr. 111. The rigor of this principle was subsequently relaxed. It is unnecessary to pursue the subject further, because the practice in such a state of things in the courts of the United States is regulated by the 35th rule of equity practice, which is as follows: —

" If, upon the hearing, any demurrer or plea shall be allowed, the defendant shall be entitled to his costs. But the court may, in its discretion, upon motion of the plaintiff, allow him to amend his bill upon such terms as it shall deem reasonable."

In this case it does not appear what amendment or amendments the appellant desired to make, nor that the court below in any wise abused the discretion with which it was clothed. Error must be shown affirmatively. It cannot be presumed.

*Decree affirmed.*