BOSTON & A. R. CO. et al. v. PARR et al.

(Circuit Court, D. Maryland. December 4, 1899.)

EQUITY PLEADING—AMENDMENT OF BILL—DISCRETION OF COURT.

    Leave to amend a bill after a demurrer has been sustained thereto is not a matter of right, but rests in the discretion of the court, and will not be granted in a suit to charge directors of a corporation with a highly penal statutory liability on account of transactions several years old, and difficult of ascertainment, where application to amend was not made for a year after the demurrer was sustained.

In Equity. In the matter of the petition of the complainants, filed November 25, 1899, for leave to amend the bill of complaint.

Bernard Carter and Charles J. Bonaparte, for complainants.

George Leiper Thomas, for respondent Parr.

R. M. Venable, William P. Whyte, and Blakistone & Blakistone, for other respondents.

MORRIS, District Judge. This is a suit in equity by creditors of the American Casualty Insurance & Security Company of Baltimore City, an insolvent corporation, to recover from the defendants, who were directors of said corporation, upon the ground that the said directors are liable for the debts of the corporation because of the statutory liability imposed by sections 67, 68, and 69 of article 23 of the Maryland Code upon directors who make loans to any stockholder or officer, or who vote dividends impairing the amount of corporate capital. The debts to the complainants are alleged to have been incurred prior to November, 1893, at which date receivers of said corporation were appointed, and the dividends declared were in 1891, 1892, and 1893. The bill of complaint in this case was filed July 17, 1895, and, after various pleadings were filed and withdrawn, the defendants, on November 4, 1896, filed a demurrer to the bill of complaint, and on January 13, 1897, filed a new demurrer, and on March 1, 1897, filed additional causes of demurrer. The demurrer was heard, and on June 18, 1897, the court filed its rulings, holding that section 69 of article 23 of the Maryland Code, forbidding loans to stockholders and officers, was not applicable to this corporation, and holding that the liability arising under section 67, imposing a liability upon directors who declare dividends not earned, was well alleged in the bill, but holding that the objection of the defendants that the bill of complaint did not set forth the cause of action upon which each one of the complainants claimed that the corporation was indebted to them, respectively, was well taken; and the court sustained the demurrer as to that defect in the bill. Thereupon, on November 20, 1897, the complainants applied for leave to amend their bill of complaint, which was granted, and on the same day they filed their amended bill. December 4, 1897, defendants filed a motion to rescind the order granting the defendants leave to amend,

which motion was overruled December 20, 1897; and on December 29, 1897, the defendants demurred to the amended bill. This demurrer came on to be heard in November, 1898; and the court ruled that the amended bill was still defective, in not sufficiently stating the amounts, dates, and nature of the claims upon which the complainants allege that the American Casualty Insurance & Security Company became indebted to them. No application was made by the complainants for leave to amend the bill. The defendants made a motion to dismiss the bill, but upon counsel for complainants stating that they desired to consult together as to whether they would ask leave to amend, or would stand on their bill as filed, no order was entered. This was sometime in November or the early part of December, 1898. On November 6, 1899, counsel for one of the defendants filed a motion to dismiss the bill for want of prosecution; and thereupon, on November 25, 1899, the complainants filed their petition to be allowed to amend their bill, together with a copy of the proposed amendment. The defendants oppose this petition, and urge the court not to grant the complainants leave to amend.

The debts alleged to be due by the casualty insurance company to the complainants, for which this suit seeks to hold the defendants liable, were incurred under policies of insurance against liability for accidents issued by the insurance company in 1891, 1892, and 1893, and are for sums very large in the aggregate, the facts with regard to which, after this lapse of time, must be difficult of ascertainment. The year that has elapsed since the demurrer last heard was sustained, and during which the bill has not been amended, must have seriously added to those difficulties. Then, also, the alleged liability of the defendants arises from the charge that they, as directors, declared dividends in 1891, 1892, and January, 1893, which diminished the capital stock of the corporation. This is a highly penal liability, for, no matter how small the sum by which the dividend diminishes the capital stock, the directors are made liable for all the existing debts of the corporation, and all that may be contracted while they are in office. The length of time which has elapsed must seriously increase the difficulty of ascertaining the facts with regard to the condition of the assets and liabilities of the company in the years 1891, 1892, and 1893. The leave to amend is not a matter of right, but is in the discretion of the court, as provided by rule 35 of the equity rules. Bank v. Carpenter, 101 U. S. 567, 25 L. Ed. 815; Hunt v. Rousmaniere, 2 Mason, 342–365, Fed. Cas. No. 6,898. The application for leave to amend must be made promptly, and, by rule 30 of the equity rules, unless the amendment is filed by the next succeeding rule day, it is to be considered as abandoned. Considering the nature of the suit, and the great lapse of time since the liabilities of the corporation originated for which it is now sought to make the defendants liable, and the increased difficulties which the delays must cause the defendants in establishing the facts of the transactions upon which it is sought to hold them liable, I think it my duty to refuse the proposed amendment.