## UNITED STATES v. BELLINGHAM BAY IMPROVEMENT CO. et al.

(Circuit Court of Appeals, Ninth Circuit. June 15, 1925.)

No. 4348.

**1. Public lands ⬥120—Suit for cancellation of patent held barred as against party brought in as defendant.**

Under Comp. St. § 5114, limiting the time for bringing suit for cancellation of a patent to six years after the patent was issued, a party cannot be brought in as a defendant in such a suit more than six years after the grounds for the suit were fully known to the Land Department.

**2. Public lands ⬥120—Government cannot invoke inconsistent remedies in same suit.**

The bringing by the United States of a suit in equity for cancellation of a patent for fraud is an election between inconsistent remedies, and it cannot in the same suit join a cause of action for damages based on an affirmance of the patent.

**3. Equity ⬥362—Question of limitation may be presented by motion to dismiss.**

In a suit in equity, the question of the bar of limitation may be presented by motion to dismiss.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Suit in equity by the United States against the Bellingham Bay Improvement Company and others. From an order granting a motion to dismiss as to defendant J. J. Donovan, and a motion to strike

out certain parts of the second amended bill, complainant appeals. Affirmed.

For opinion below, see 299 F. 869.

A statement of the nature of this case will be found in United States v. Bellingham Bay Improvement Co. et al. (C. C. A.) 281 F. 522. Briefly, the suit is in equity, filed in February, 1914, by the United States against the Bellingham Bay Improvement Company and others, not including Donovan, now a defendant, for the cancellation of a patent issued to defendant Cornwall in June, 1904, for five mining claims, upon the ground of fraud. The complaint alleged that, with full knowledge of the true character of the lands and with fraudulent purpose, Cornwall, through Donovan as attorney in fact, applied for and received the patent; that in September, 1903, Cornwall conveyed to defendant Bellingham Bay Improvement Company, and by mesne conveyances the lands passed into possession of the Puget Sound Traction & Light Company, all of the purchasers having knowledge of the fraudulent acts by which the title had been obtained from the United States; that the United States remained in ignorance of the fraud until June, 1910. The prayer was for cancellation of the patent, quieting title, and, in the alternative, that the United States recover the market value of the real property and for other and general relief. Defendants Puget Sound Traction, Light & Power Company, Whatcom County Railway & Light Company, and Bellingham Bay Improvement Company appeared and moved to dismiss. In September, 1918, the District Court dismissed the complaint on the ground that the action was barred by the statute of limitations. U. S. Comp. St. §§ 4901, 5114. On appeal to this court the decree of the District Court was reversed, and the suit was remanded, with directions to set aside the decree of dismissal and the motions to dismiss, and for further proceedings in conformity to the opinion filed.

In May, 1923, after remand to the District Court, the United States amended by bringing in Donovan, alleging that he was a party to the fraud by which it is alleged the government has been deprived of its title to the lands; that Donovan, at the time he acted ostensibly as attorney in fact for the patentee, Cornwall, in applying for patent to the alleged mining claims, was in fact acting in his own behalf and in behalf of the Bellingham Bay Improvement Company. The amendment prays for the "same relief" against Donovan "as is prayed for against the other defendants, and for such other and further relief as it may be entitled to in equity and good conscience." Donovan moved to dismiss as against him, upon the ground that the government was committed to the election to proceed in equity for cancellation of the patent and not at law for damages; that the complaint as amended contains legal and equitable causes of action, and fails to state any cause of action in equity against defendant, and, if it did, that the same was barred by the statute of limitations. The Bellingham Bay Improvement Company also moved to dismiss the complaint, as amended by the Donovan amendment, on the ground that, prior to the Donovan amendment, the only relief that could have been awarded against the Bellingham Bay Improvement Company was that of cancellation of conveyances and for rental value; that by reason of the amendment it is sought to recover damages as in an action at law against the Bellingham Bay Improvement Company. It also moved to strike certain averments alleging the value of the property.

The District Court dismissed Donovan from the suit, struck from the amended complaint all portions thereof based upon an action for damages founded upon the affirmance of the patent, instead of relief in the nature of equitable relief based upon disaffirmance of the patent, and also the allegations of the amendment relating to the value of the property in controversy. The United States appealed.

S. W. Williams, Sp. Asst. Atty. Gen., for the United States.

Clinton W. Howard, of Bellingham, Wash., for appellees.

Before ROSS, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). [1] To cases of the general character of that before us, where the government seeks to cancel a patent on the ground that it has been obtained through deception, perjury, and fraud, the doctrine announced in Bailey v. Glover, 88 U. S. (21 Wall.) 342, 22 L. Ed. 636, Exploration Co. v. United States, 247 U. S. 435, 38 S. Ct. 571, 62 L. Ed. 1200, and United States v. Diamond Coal Co., 255 U. S. 323, 41 S. Ct. 335, 65 L. Ed. 660, and regarded by us upon the former appeal, is that, where the party injured by the fraud re-

mains in ignorance of it, without any fault or want of diligence or care on his part, the bar of the statute of limitations does not begin to run until the fraud is discovered, and this, though there be no special circumstances or efforts on the part of the party committing the fraud to conceal it from the knowledge of the other party. Whether, under the facts stated in the complaint, that doctrine is applicable to Donovan is the main question presented.

Donovan was not a party to the suit when it was instituted in February, 1914, nor was he brought in until more than 18 years after the issuance of the patent, and more than 12 years and 10 months after the alleged fraud was discovered. And even at this late day the so-called Donovan amendment contains no allegation of any act by way of fraud, or of any concealment, or of any effort to conceal, on Donovan's part, which was not discovered or known by the United States in 1910. The amended complaint, after setting forth certain fraudulent acts through which title was secured from the government, alleges that certain defendants, for the purpose of concealing from the plaintiff the alleged frauds perpetrated upon it, caused to be placed of record in Whatcom county, Wash., conveyances of the land described as mining claims, and that the language employed in the conveyances was inserted for purposes of concealment of the alleged fraud. However, the only defendants in respect to that matter are Cornwall, Bellingham Bay Improvement Company, Stearns, and Whatcom County Railway & Light Company. We can only look upon the complaint, amended by the Donovan amendment, as stating a cause in equity for cancellation of patent and relief incidental thereto.

[2, 3] So regarding it, we are clearly of opinion that, as against Donovan, the suit is barred by the statute of limitations. Any action that could be maintained against him is at law for damages. But, timely objection having been made, action at law against him cannot be combined with a suit in equity for the cancellation of the patent and equitable relief against his codefendants. United States v. Oregon Lumber Co., 260 U. S. 290, 43 S. Ct. 100, 67 L. Ed. 261; United States v. Norris, 222 F. 14, 137 C. C. A. 552; United States v. Exploration Co., 203 F. 387, 121 C. C. A. 491. And that he could present the question of the statute of limitations by motion to dismiss is recognized in the case of Curtis v. Connly, 257 U. S. 260, 42 S. Ct. 100, 66 L. Ed. 222. In United States v. Oregon Lumber Company, supra, the court said that the United States was entitled either to disaffirm and recover patented lands, or affirm the patent and recover damages for the fraud, but that it could not do both, and that any decisive action by a party "with knowledge of his rights and the facts determines his election in the case of inconsistent remedies, and one of the most unequivocal of such determinative acts is the bringing of a suit based upon one or the other of these inconsistent conclusions."

As peculiarly pertinent to the present case, the court also held that upon ascertaining from the plea of defendants that they intended to rely upon the statute of limitations, and having knowledge of the facts upon which that plea was founded and thereafter sustained, the government had fairly presented to it the alternative "(a) of abandoning that suit and beginning an action at law, or transferring it to the law side of the court and making the necessary amendments to convert it into an action for damages, as a mere incident in the progress of the original case; or (b) of proceeding with the original case upon issues as they stood. The plaintiff in error deliberately chose the latter alternative. If the election was not final, it became final and irrevocable then."

Cases where a suit has been instituted in equity to cancel a patent, and recovery has been denied for the reason that the property has been transferred to a bona fide holder, and where it is held that a decree in lieu of and for the value of the property can be entered against the fraudulent patentee, do not control; for in the second amended complaint in this suit, as in the former complaint, the allegations are and have been that each of the defendants in the chain of title acquired the lands with full knowledge of the fraudulent manner in which the lands were obtained, and the suit has been consistently carried on in equity with defendants steadily insisting upon the bar of the statute of limitations. American Mills Co. v. American Security Co., 260 U. S. 360, 43 S. Ct. 149, 67 L. Ed. 306.

The contention that it was error in the District Court to hold that the United States "could not properly include in the second amended bill of complaint a prayer in the alternative for damages in the event that the patent could not be cancelled," is

not well founded, for the order related only to questions growing out of the Donovan amendment. With Donovan out, the complaint still contains a prayer for alternative relief by way of recovery for value, and the government may have any equitable relief to which it may be entitled under the proof. But relief, if any is to be had, must be such as may follow a disaffirmance of the patent.

The order of the court striking from the second amended complaint allegations respecting the value, being interlocutory, is not final, and therefore not appealable. The decree dismissing the suit as to Donovan was right, and must be affirmed.

Affirmed.