## STAMPALIA v. MURPHY et al.

District Court, E. D. Pennsylvania. April 24, 1929.

No. 11.

Acker, Manning & Brown, of Philadelphia, Pa., for libelant.

C. Brewster Rhoads, of Philadelphia, Pa., for respondents.

KIRKPATRICK, District Judge. This libel, in a cause of personal injury, shows that the accident occurred on November 3, 1924. The libel was filed on January 24, 1929. Peremptory exceptions have been filed, alleging that the libelant is barred by laches from pursuing his claim for damages against the respondent.

The accident occurred on navigable waters in the city of Philadelphia, Pa. This court will take judicial notice that the statute of limitations in Pennsylvania (Pa. St. 1920, § 13859a) for action of trespass for personal injury not resulting in death is two years. This libelant failed to institute any proceeding in this court for upward of four years and three months after the injury occurred.

Admiralty courts are not bound by local statutes of limitations, but upon the issue of laches or stale claim will adopt them by analogy, unless equitable reasons exist for not doing so. McGrath v. Panama R. R. Co. (C. C. A.) 298 F. 303; The City of Atlanta (D. C.) 17 F.(2d) 311. The reasons why the analogy of the statute of limitations should be an important factor in determining the issue of laches are strong ones, and involve considerations both of fairness to parties and convenience for the court. The statute of limitations is a legislative declaration by the state of the common judgment as to the period within which a suit may be brought without placing the defendant at an unfair disadvantage by reason of lapse of time. As such, it provides a definite guide for courts in determining the same question in other than common-law causes. Ordinarily it requires a strong showing of unfairness to the plaintiff to induce the courts to depart from it.

The plaintiff contends that laches must be pleaded as an affirmative defense and can be determined only upon a trial of the case after consideration of all the evidence detailing the circumstances of the delay. At common law, while there is considerable conflict of authority, the general rule is that the statute of limitations is a substantive defense to be raised by plea and determined upon trial. In equity, however, laches appearing on the face of the bill can always be taken advantage of by demurrer [Mercantile National Bank v. Carpenter, 101 U. S. 567, 25 L. Ed. 815; Kitts v. Hanna (C. C. A.) 29 F.(2d) 1013], and, if there are circumstances which excuse the delay or which would render it inequitable to apply the analogy of the statute of limitations they must be pleaded in the bill. Although in nearly all of the cases in admiralty which have been brought to my attention the question has been determined after hearing evidence, in The Seminole (D. C.) 42 F. 924, the court seemed to entertain no doubt of its power to dismiss a libel upon exceptions. There are some cases in which the broad statement is made that laches should be pleaded, but, in view of the rule laid down by the Supreme Court in Mercantile National Bank v. Carpenter, supra, these expressions must be held to mean pleaded in the broadest sense—that is, raised by the pleadings—in which sense, as applied to equity proceedings, the question may be raised by demurrer.

In this case we have a totally unexplained delay of four years and three months, more than twice the period prescribed by the state statute of limitations. If there are circumstances excusing this delay or presenting any good reason why the analogy of the statute should not be followed, the libelant should be permitted to plead them. If the libelant can amend by showing such circumstances, he will be permitted to do so within fifteen days. In the absence of such amendment, the libel will be dismissed.