**WYANT v. BRENNAN.**

No. 4062.

Circuit Court of Appeals, Fourth Circuit.

Oct. 6, 1936.

Claude Wyant, pro se.

Albert W. Laas, of Wheeling, W. Va., for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

This is an appeal from an order entered on the 26th day of February, 1936, in a suit in equity in the District Court of the United States for the Northern District of West Virginia, dismissing the bill of complaint filed by the appellant, herein referred to as the plaintiff, against the appellee, herein referred to as the defendant.

On September 5, 1935, the court below entered an order permitting the plaintiff to prosecute the suit in forma pauperis. On October 25, 1935, the bill of complaint was filed, and on January 24, 1936, service was accepted by the defendant. On February 8, 1936, a motion was filed by the defendant praying the dismissal of the bill, and the court set down said motion for hearing on the 26th day of February, 1936. On February 12, 1936, plaintiff filed an affidavit of recusation, under section 25, title 28 U.S.C.A., in which affidavit it was alleged that the Honorable Wm. E. Baker, Judge of the District Court of the United States for the Northern District of West Virginia, was prejudiced against plaintiff and had acted unfairly to him in litigation pending in said court. The affidavit concluded with the prayer that another judge be designated to try the suit as provided by the statute.

On February 14, 1936, the judge below entered an order overruling the motion for his disqualification and ordering the affidavit stricken from the record. In support of this action the judge filed a memorandum in which he set out that the affidavit was not filed in time and that it was not properly certified by a member of the bar of the judicial district. Morse v. Lewis et al. (C.C.A.) 54 F.(2d) 1027. On February 26, 1936, the judge heard the motion to dismiss and granted same. An order dismissing the bill of complaint was entered. From this action this appeal was brought.

We have first to consider the action of the judge below in refusing to recognize the affidavit of disqualification. There can be no doubt that this affidavit was not filed in time. The term of court, at which the motion to dismiss was heard, began on October 15, 1935. When the plaintiff secured the order from Judge Baker permitting him to proceed as a poor person without paying of costs, he knew that the cause would come before Judge Baker for hearing. He knew this when he filed his bill of complaint on October 25, 1935, but it was not until after service of process had been accepted and a motion to dismiss the bill of complaint had been made and set down for hearing that the plaintiff filed the affidavit. It came too late. As was said by this court in the case of Chafin v. United States, 5 F.(2d) 592, 594: "But the statute was not intended to make this right and privilege of removing a judge from the bench unlimited and arbitrary. Its language and spirit require of the defendant, as the price of the privilege bestowed, such diligence in its use as will give the least inconvenience and expense to the opposing party and obstruct as little as possible the due course of the administration of justice."

A full discussion of the question here involved will be found in the Chafin Case, and applying the principles there laid down we conclude that the judge below was right

in overruling plaintiff's motion for disqualification.

As stated by Judge Parker of this court in Brown et al. v. Pacific Mut. Life Ins. Co., 62 F.(2d) 711, 714: "On the third question, we think that a suit in equity is commenced, so that the court acquires jurisdiction of the cause, when the bill is filed, whether the suit be in rem' or in personam."

If the plaintiff could not have filed the affidavit ten days before the term at which the motion to dismiss was heard, he should have acted promptly after the term began. He had ample time to file the affidavit and could not delay the filing as he did.

A serious question is presented as to the sufficiency of the affidavit, in that it did not set out adequate facts upon which to base the charge of prejudice; but, in view of our conclusion as above set out, it is not necessary to discuss this question.

We now come to consider the motion to dismiss the bill of complaint and again find that the action of the judge below was right. The bill of complaint upon its face shows clearly that the plaintiff was guilty of laches in the bringing of the suit, and while the bill alleges that certain facts as to the alleged fraud were not known to him until many years after the happenings complained of, it is clearly apparent from the allegations of the bill that the plaintiff could have discovered the necessary facts by the exercise of due diligence. As we said in Atlantic Life Insurance Company v. Rowland et al., 22 F.(2d) 126, 129: "A complainant in a suit in equity, to relieve himself of a charge of laches, must not only have been diligent in asserting his rights after they were discovered by him, but he must have exercised due diligence to inform himself. And he is properly chargeable with all the knowledge that due diligence would have disclosed to him."

The question of the statute of limitations was properly raised on motion to dismiss. In a chancery suit to enforce a legal claim, which the instant suit clearly is, limitations are given effect. Maxwell v. Wilson, 54 W.Va. 495, 46 S.E. 349.

In federal courts it is uniformly held that a motion to dismiss a bill in equity raises the question of limitation. Mercantile National Bank v. Carpenter, 101 U.S. 567, 25 L.Ed. 815; United States v. Bellingham Bay Imp. Co. (C.C.A.) 6 F.(2d)

102; 37 Corpus Juris, 1205; 18 Corpus Juris, 1181.

Courts do not look with favor upon stale suits of this character, and courts of equity, especially, demand of litigants good faith and reasonable diligence. "Where these are wanting the court is passive and does nothing." Fair dealing with one's adversary is demanded, and the rule was made necessary because after great lapse of time there is danger of doing injustice "and there can be no longer a safe determination of the controversy." For a discussion on this point, see the decision of this court in McMullen v. Lewis et al. (C.C.A.) 32 F.(2d) 481.

Here the plaintiff waited twelve years after the happenings complained of before he brought suit, and the bill states no good cause for this unusual delay. "He who comes into a court of equity must come with clean hands." It is not the policy of the courts to allow a citizen to be annoyed by vexatious and long-delayed demands when no good cause is shown for the delay.

The decrees of the court below are accordingly affirmed.