KANE v. UNION OF SOVIET SOCIALIST REPUBLICS et al.

No. 10261.

United States Court of Appeals Third Circuit.

Argued Nov. 7, 1950.

Reargued April 20, 1951.

Decided June 1, 1951.

Rehearing Denied June 21, 1951.

Martin J. Vigderman, Philadelphia, Pa., for appellant.

Joseph W. Henderson, Philadelphia, Pa. (Rawle & Henderson, Philadelphia, Pa., J. Welles Henderson, Harrison G. Kildare, Philadelphia, Pa., on the brief), for appellees.

Before BIGGS, Chief Judge, and MARIS, GOODRICH, McLAUGHLIN, KALODNER, STALEY and HASTIE, Circuit Judges.

KALODNER, Circuit Judge.

In applying the doctrine of laches in an admiralty action for indemnity on account of personal injuries, is there a presumption of prejudice to the respondent arising from the libellant's delay in bringing the action making it incumbent on the libellant to plead and prove facts negativing laches, or is it the respondent's burden to prove actual prejudice?

The question is presented by this appeal from the judgment of the United States District Court for the Eastern District of Pennsylvania dismissing, on the ground of laches, a longshoreman's action in admiralty for personal injuries. The record discloses the following:

The libellant filed his libel on November 30, 1949, alleging that he was injured on January 4, 1946, while working as a longshoreman in the employ of Moore-McCormack Lines, Inc., aboard the vessel "Mikhail Kutuzov", in the port of Philadelphia. The action was brought against the Union of Soviet Socialist Republics as owner of the vessel; Amtorg Trading Corporation as operating agent; and Haenn Ship Ceiling and Refitting Corporation ("Haenn") as one of the contractors engaged in refitting the vessel.

The libellant alleged that he was injured when he fell into the ship's hold due to the unseaworthiness of the vessel and to the negligence of its owners and Haenn through their respective employees. Haenn filed a peremptory exception to the libel asserting that the libellant's right of action was barred by laches because of the time which had elapsed between the dates of injury and suit—a period of three years and eleven months. The libellant filed his answer to the peremptory exception alleging (1) Haenn had knowledge of his injury on the day it occurred and had made an investigation of it; and (2) no prejudice resulted to respondent because of passage of time and the delay in bringing suit was not inexcusable.

The District Court, on March 27, 1950, filed its Opinion sustaining the peremptory exception "without prejudice to the libellant's filing an amended libel and complaint

within twenty days, pleading facts negativing laches.". 89 F.Supp. 435, 437. An Order was filed in accordance with the Opinion.

The libellant failed to amend his libel and the District Court, on June 12, 1950, entered a Final Decree which, after reciting that fact, sustained Haenn's peremptory exception and dismissed the libel as to it.[1] The Decree recited the fact that libellant had failed to file an amended libel within the period of twenty days previously allowed. This Appeal followed.

■ Prefacing discussion of the primary question involved, it may be noted that there is no dispute between the parties to this action as to the applicability in the instant case of the following well-established principles: absent special extenuating circumstances, in fixing the time limitations which will bar a suit in admiralty because of laches, founded upon undue and prejudicial delay, federal courts have generally resorted to the analogy of state statutes of limitations.[2] The analogy to the state statute of limitations is only an analogy and not a rule. Laches consists of two elements, inexcusable delay in instituting suit and prejudice resulting to the respondent from such delay. Its existence depends upon the equities of the case, and not merely upon the lapse of time. Loverich v. Warner Co., 3 Cir., 1941, 118 F.2d 690, 693, certiorari denied 313 U.S. 577, 61 S.Ct. 1104, 85 L.Ed. 1535, and the cases therein cited; Redman v. United States, 2 Cir., 1949, 176 F.2d 713, 715.

The crux of the appellant's position is that mere lapse of time ".no matter how long" cannot itself be deemed sufficient to establish prejudice and consequently there cannot be a presumption of prejudice springing from his delay. The burden to prove prejudice, he asserts, rests exclusively on the respondent.

In reply, respondent urges that the presumption of prejudice inherent in the libellant's unreasonable delay in filing suit is sound and practical, and that as a rebuttable presumption it affords the dilatory litigant a reasonable opportunity to prove, if he can, that lapse of time has not in fact prejudiced the defense and given him an unwarranted advantage at the trial. Being the sole cause of the delay, the libellant, according to the respondent, should bear the burden of coming forward with proof of special circumstances negativing the normal and expected effect of delay upon the defense to the claim. Especially is this so, it says, in the instant case, since the libellant is a longshoreman living ashore in Philadelphia, where the respondent Haenn is also resident.

The precise question here involved has not been passed upon by this Court although the writer of this opinion had occasion to do so, as a District Judge, in Loverich v. Warner Co., 1941, 36 F.Supp. 943. In that case a maritime worker's libel in admiralty for indemnity on account of personal injuries was dismissed on the ground of laches on the finding that libellant had failed to rebut the presumption of prejudice springing from his delay. The libellant abided by the dismissal of his indemnity action and appealed only from the District Court's ruling on an accompanying action for maintenance and cure: Loverich v. Warner Co., 3 Cir., 1941, 118 F.2d 690.

The Court of Appeals for the Second Circuit in Redman v. United States, supra, recently ruled expressly on the question presented by this appeal. In that case respondent was brought into the suit (in admiralty) three years and four months

---

1. On February 15, 1950, respondent, Amtorg Trading Corporation, filed exceptive allegations to the libel, contending lack of jurisdiction over the person and requesting that service of process be set aside and the libel dismissed. The exceptive allegations are still pending before the District Court, awaiting discovery procedures on the facts involved therein.

On May 31, 1950, the District Court declared respondent, Union of Soviet Socialist Republics, in default and the libel was taken pro confesso, the suit to proceed ex parte for the ascertainment of damages as to said respondent.

2. In Pennsylvania, the statute of limitations governing actions to recover damages for personal injuries is two years. 12 P.S. § 34.

after the accident. The New York State statute of limitations requires actions for personal injuries to be commenced within three years. N. Y. Civil Practice Act, Sec. 49(6). Holding that libellant's delay created a presumption of prejudice the Court said, 176 F.2d at page 715: "The appellant (libellant) argues that laches is an affirmative defense which must be seasonably pleaded and supported by proof that the respondents were prejudiced by the delay. In this he is mistaken when the libel itself discloses that the statute of limitations has already run. It is then incumbent on the libellant to plead and prove facts negativing laches or tolling the statute. Detriment to the adverse party is presumed from delay for the statutory period unless the contrary be shown."

It is well settled that admiralty courts "act upon the enlarged and liberal jurisprudence of courts of equity; and, in short, so far as their powers extend, they act as courts of equity." Mr. Justice Story in Brown v. Lull, 4 F.Cas. 407, at page 409, No. 2018. Courts in admiralty have since time immemorial applied general equitable principles in deciding questions of laches. Pertinent to the determination of the issue presented in the instant appeal is the significant fact that as early as 1835 in Piatt v. Bank of the United States, 9 Peters 405, 9 L.Ed. 173, Mr. Justice Story held that where it appears on the face of plaintiff's bill that the case which it makes is barred by the statute of limitations, the defect can be taken advantage of by demurrer.[3] Almost a century later, in Hays v. Port of Seattle, 1920, 251 U.S. 233, at page 239, 40 S.Ct. 125, 127, 64 L.Ed. 243, the Supreme Court, citing numerous cases which had adhered to the ruling in the Piatt case, stated: " * * * laches is a defense that need not be set up by plea or answer. * * * It is for the complain-

ant *in his bill* to excuse the delay in seeking equitable relief, where there has been such; and if it be not excused *his laches may be taken advantage of either by demurrer or upon final hearing.* (Emphasis supplied.)

The equitable doctrine above stated was applied in admiralty by Judge Kirkpatrick in the United States District Court for the Eastern District of Pennsylvania in Stampalia v. Murphy, 1929, 34 F.2d 660. In that case he dismissed, on peremptory exceptions, a libel which disclosed that the cause of action arose four years and three months prior to its filing.[4]

Both parties to this appeal have cited our opinion in Loverich v. Warner Co., supra, as bearing upon the issue under consideration. It is only necessary to say that the question here involved was not present in the Loverich case and is not affected by anything there stated. The problems there presented were (1) the existence, if any, and its extent, of the obligation of the employer under the maritime law of maintenance and cure, and (2) whether the evidence at the trial had established laches. The respondent in the Loverich case had not attempted to reach the question of laches by exceptions to the libel, and it was not until the close of the libellant's evidence that it moved to dismiss the libel on the ground of laches. We held that the record failed to establish "any prejudice which has resulted to the respondent from the delay", 118 F.2d at page 693, and that accordingly, the doctrine of laches had no application to the case.

In conclusion, it may be stated it is the function of the admiralty court to determine whether under all the circumstances the doctrine of laches is applicable. The Court below cannot be said to have abused its discretion in view of the facts that (1) the libellant was a longshoreman resident in Philadelphia, as was the re-

---

3. Maxwell v. Kennedy, 1850, 8 How. 210, 222, 12 L.Ed. 1051; Mercantile National Bank v. Carpenter, 1879, 101 U.S. 567, 25 L.Ed. 815; Speidel v. Henrici, 1887, 120 U.S. 377, 7 S.Ct. 610, 30 L.Ed. 718.

4. It may be observed parenthetically that when Congress decided to fix a reason-

able period of limitation on the bringing of suits under the Jones Act, 46 U.S.C. A. § 688, it determined upon a maximum of three years, 45 U.S.C.A. § 56, as amended, originally only two years, and in the Suits in Admiralty Act, 46 U.S. C.A. § 745, fixed a two year limitation.

spondent Haenn, (2) he was given ample opportunity to amend his libel pleading facts negativing prejudice and excusing his delay and (3) it was only upon his failure to amend that the peremptory exception was sustained and his libel dismissed.

For the reasons stated the decree of the Court below sustaining the peremptory exception and dismissing the libel will be affirmed.