Eugene CUMMINGS

v.

REDEERIAKTIEB TRANSATLANTIC.

No. 35 of 1956.

United States District Court
E. D. Pennsylvania.
June 13, 1956.

Freedman, Landy & Lorry, Philadelphia, Pa., for libelant.

Krusen, Evans & Shaw, Philadelphia, Pa., for respondent.

WELSH, District Judge.

In this admiralty suit damages are sought for personal injuries sustained in an accident that occurred on board respondent's vessel M. V. Boogabilla. Respondent has filed exceptive allegations requesting a dismissal of the suit on the ground of laches. The cause of action arose on July 31, 1952, that is, on the date of the accident, and suit was commenced approximately three and one-half years later on February 7, 1956.

In an admiralty suit, Federal Courts in determining the existence or non-existence of laches look toward the analogous State statute of limitations.

The present suit is based on negligence and unseaworthiness. The

analogous State statute of limitations is two years insofar as the negligence phase of this suit is concerned. 12 P.S. § 34. It has been seen suit was commenced after the expiration of said two-year period. In such circumstance, the law is libellant is obliged to plead facts (1) showing the delay in instituting suit was not inexcusable and (2) negativing the presumption of prejudice to the respondent as a result of the delay. Kane v. Union of Soviet Socialist Republics, 3 Cir., 189 F.2d 303. Libellant here has failed so to plead and therefore this suit insofar as it is based on negligence should be dismissed. However, before a dismissal is ordered on the negligence phase of the suit, libellant will be granted the opportunity to file an amended libel within twenty days of the date hereof, pleading the necessary facts.

■ The analogous State statute of limitations is six years insofar as the unseaworthiness phase of this suit is concerned. 12 P.S. § 31. Since suit here was brought prior to the expiration of said six-year period there can be no question of laches and therefore the suit insofar as it is based on unseaworthiness will not be dismissed.

■■ Respondent had urged that the analogous State statute of limitations in a suit based on unseaworthiness is the two-year State statute of limitations in 12 P.S. § 34. We do not concur in this. The two-year statute of limitations in 12 P.S. § 34 relates to suits for personal injuries wrongfully done or inflicted, that is, suits arising out of torts. In suits based on unseaworthiness damages for personal injuries are sought without any regard to the fault of the owner of the vessel. The basis of such suits is the breach of the warranty of seaworthiness. Therefore, the analogous State statute of limitations should be and is that which refers to contracts and not torts. See LeGate v. The Panamolga, 2 Cir., 221 F. 2d 689.

Counsel for libellant will prepare and submit an appropriate order.