Walter SMIGIEL

v.

COMPAGNIE DE TRANSPORTS OCEANIQUES

v.

MARRA BROS., INC.

No. 363 of 1958, Admiralty.

United States District Court
E. D. Pennsylvania.

July 26, 1960.

See also, D.C., 183 F.Supp. 518.

Freedman, Landy & Lorry, By Avram G. Adler, Philadelphia, for libellant.

Rawle & Henderson, By Robert A. Hauslohner, Philadelphia, for respondent.

WOOD, District Judge.

The ultimate issue to be decided is whether the libellant's suit is barred by laches: the immediate question before us is whether the amended libel states facts which (if proven at trial) are sufficient to overcome the defense of laches. If the facts pleaded in the amended libel are not sufficient, the libel should be dismissed.

Walter Smigiel, the libellant, alleges that he was injured while working as a longshoreman aboard respondent's vessel on March 19, 1954. The accident is claimed to have been caused by a faulty winch. Libellant's leg was broken, and he was removed from the ship in a basket.

Four years and four months later, libellant brought this suit against respondent for the personal injuries sustained in the alleged accident of March 19, 1954.

Although there is no statute of limitations which cuts off a cause of action for personal injuries in the law of admiralty, the corresponding statute of limitations governing civil actions is significant. When the civil period within which suit may be brought has expired, there arises in admiralty a presumption that any libel brought thereafter was inexcusably delayed, and that such delay is prejudicial to the respondent. Kane v. Union of Soviet Socialist Republics, 3 Cir., 1951, 189 F.2d 303.

In the case at bar, we ordered the libellant to amend the libel to state with more particularity his excuse for the delay in bringing this action and his contentions as to why this delay has not prejudiced the respondent. The amended libel states that the delay was excusable because:

"Libellant avers that he was born in Poland, has limited comprehension of English and limited ability to speak English. He is uneducated. He was given to understand * * * that his rights were limited to the payments under the Longshoremen and Harbor Workers' Act. [33 U.S. C.A. § 901 et seq.] At no time was he told by the Deputy Commissioner * * * that he had any rights against the shipowner."

While the oft-repeated rule "Ignorance of the law is no excuse" is not applicable in every case, we thing it must be applied here. We think that giving special consideration to one man's rights over those of others because he is uneducated and has a limited comprehension of English would be unfairly preferring that man. This was the view taken by the Fifth Circuit Court of Appeals in Morales et al. v. Moore-McCormack Lines, Inc., 1953, 208 F.2d 218. In that case the court said:

"Here the appellants * * * claim special consideration on the ground that being ignorant and unlettered persons, a different standard should apply in their case. * * * As to their claim of ignorance of their legal right to sue a third party, the steamship lines which had contracted with their employer, we know of no principle which enables persons to plead, not excusable ignorance of *facts,* but of the *law* which accorded them the right to sue." At page 221. [Emphasis supplied.]

We conclude that the facts stated in the amended libel, even if proven, do not excuse the delay in bringing this suit.

Having concluded that the delay was inexcusable, we are brought squarely to respondent's contention that unless the libel avers facts sufficient to overcome *both* the presumption of prejudice *and* the presumption of inexcusable delay, the defense of laches prevails and the peremptory exceptions must be sustained. Libellant contends that even if the delay was inexcusable, the defense of laches will not lie unless the respondent has been *prejudiced* by the delay. Libellant argues that the facts stated in the

amended libel are sufficient to overcome the presumption of prejudice to the respondent.

■ We have been unable to find a case in which this question was *directly* presented and ruled upon by the court. However, we have found indications in the language of opinions showing that the court was following the view taken by libellant here. Thus in the case of Redman v. United Fruit Co., 2 Cir., 1950, 185 F.2d 553, the court, having concluded that the libellant had shown *no excuse for his delay* in bringing suit, stated:

"*The question remains* whether the United Fruit Company has been shown not to be prejudiced by the delay." [Emphasis supplied.] At page 554.

We cannot believe that admiralty law today would direct us to punish the libellant for his inexcusable delay in bringing suit by dismissing the libel when that delay was shown to have occasioned *no* prejudice to the respondent.

■ We come, therefore, to the final question presently before us—whether the amended libel states facts which (if proven) are sufficient to show that the respondent has not been prejudiced by this delay. In this regard, the libel states:

"Libellant avers that members of the crew of the S.S. 'Black Tomoe' were present at the scene of the accident immediately after the occurrence and thus the officers and members of the crew of the vessel had immediate knowledge that a serious injury to a longshoreman had occurred. Libellant avers that respondent had full opportunity to make an immediate investigation and did or should have immediately made such investigation."

The gist of these averments is that had respondent acted with reasonable prudence at the time of the accident, it would now have in its possession a full accident report, including statements of witnesses made while their memories were still fresh. In fact, the libel avers that respondent *did* make such an investigation.

We think that libellant should have the opportunity to prove these averments. *If* libellant can prove that an agent of respondent, whose duties included reporting such accidents to respondent's proper personnel, either saw the accident or was told about it, we think respondent should then have made an investigation. This is not placing an unreasonable burden (based on hindsight) on respondent. Reasonable prudence would have dictated the careful investigation of such an accident, especially in view of the large numbers of law suits currently being brought by longshoremen against shipowners for any injury sustained aboard ship.

We are therefore entering the following order:

### Order.

The respondent's peremptory exceptions to the amended libel are dismissed *on condition* that the trial judge is convinced by libellant's evidence that respondent, through its authorized agents, had knowledge of the accident at or about the time of its occurrence. If the trial judge is *not* so convinced, the respondent's peremptory exceptions are sustained.