[Civ. No. 19602. First Dist., Div. Two. July 26, 1961.]

SANDALIO CURBELO, Appellant, v. MATSON NAVIGA-
TION COMPANY, Respondent.

Goldstein, Brann & Stern and H. Leland Shain for Appellant.

Donald D. Connors, Jr., and Brobeck, Phleger & Harrison for Respondent.

SHOEMAKER, J.—This is an appeal from a judgment of dismissal entered upon the granting of defendant's motion to that end, and from an order denying plaintiff's motion for a new trial. Since an appeal does not lie from the order denying a new trial, this part of the appeal must be dismissed.

This action is one to recover for personal injuries sustained by plaintiff Sandalio Curbelo, a seaman, while he was employed by defendant Matson Navigation Company aboard a vessel in navigable waters. The complaint is in two counts, one for negligence under the Jones Act, the other for unseaworthiness under the general maritime law.

The accident happened June 28, 1955, and the complaint was filed and summons thereon issued on June 27, 1958. On September 15, 1959, defendant was served with process. On October 19, 1959, defendant moved to dismiss the action upon

the sole specified ground of laches, which motion the trial court granted. A judgment was entered. Plaintiff thereupon moved for a new trial, which was denied.

Appellant argues (1) that laches is no defense in an action at law; (2) that the defense of laches cannot properly be raised by a motion to dismiss but must be set up by demurrer or answer; and (3) even though it be assumed that this defense is applicable and can properly be raised by motion to dismiss, there was no evidence of laches since the action was commenced and service of summons and complaint accomplished within the statutory time.

Respondent, on the other hand, contends that the uniformity of the general maritime law must be preserved from interference by varying state enactments, and that the doctrine of laches is an integral part of the maritime law which a de-defendant in an admiralty action is entitled to raise, regardless of whether or not there has been compliance with a state statute governing diligence in prosecution.

While the statute of limitations ordinarily may not be raised by a motion to dismiss, our decisions have not held this rule to be applicable to the defense of laches.　██　To the contrary, the cases have recognized the power of the court on its own motion to deny relief where laches is disclosed by the complaint or appears from the evidence, despite failure to raise the defense by demurrer or answer. (*Akley* v. *Bassett* (1922), 189 Cal. 625, 648 [209 P. 576] ; *Suhr* v. *Lauterbach* (1913), 164 Cal. 591, 593 [130 P. 2] ; *Stevinson* v. *San Joaquin etc. Co.* (1912), 162 Cal. 141, 143-144 [121 P. 398] ; *Harris* v. *Hillegass* (1884), 66 Cal. 79, 80 [4 P. 987] ; *Sullivan* v. *Portland, etc. R. R. Co.* (1876), 94 U.S. 806, 811 [24 L.Ed. 324].) Since the trial court could thus have raised this issue on its own motion, it would seem to make little difference that respondent may not have chosen the most appropriate manner in which to bring this defense to the court's attention.

Granting the defense of laches was properly before the court, the problem is presented as to whether this defense is applicable to an action such as the present one, which, although arising out of admiralty, is instituted in a state court. The right to bring such an action in a state court was originally reserved to suitors in the Judiciary Act of 1789: ''. . . the district courts . . . shall also have exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction . . . saving to suitors, in all cases, the right of a common law

308

remedy, where the common law is competent to give it; . . ."
(1 Stat. 76-77.)

The rule is well established, however, that the "saving clause" was intended only to allow claimants to have their maritime rights enforced by a common-law remedy—*not* to have these rights and liabilities measured by common-law standards rather than those of the maritime law. (*Southern Pacific Co.* v. *Jensen* (1917), 244 U.S. 205 [37 S.Ct. 524, 61 L.Ed. 1086]; *Chelentis* v. *Luckenbach S. S. Co.* (1918), 247 U. S. 372 [38 S.Ct. 501, 62 L.Ed. 1171]; *Knickerbocker Ice Co.* v. *Stewart* (1920), 253 U. S. 149 [40 S.Ct. 438, 64 L.Ed. 834, 11 A.L.R. 1145].) The court in the *Luckenbach* case expressed the distinction as follows:

"The distinction between rights and remedies is fundamental. A right is a well founded or acknowledged claim; a remedy is the means employed to enforce a right or redress an injury. Bouvier's Law Dictionary. Plainly, we think, under the saving clause a right sanctioned by the maritime law may be enforced through any appropriate remedy recognized at common law; but we find nothing therein which reveals an intention to give the complaining party an election to determine whether the defendant's liability shall be measured by common-law standards rather than those of the maritime law. . . ." (P. 384.)

 These authorities establish that the substantive principles of the admiralty law would be controlling regardless of the fact that a seaman chose to bring his action in a state forum.

 The admiralty doctrine of laches is applied, in practice, by looking to the applicable state statute of limitations by analogy. ". . . However, even though the statutory period has run, the action will not be dismissed if plaintiff can show that his delay was excusable and that defendant has not been prejudiced by the delay. (Gilmore & Black, The Law of Admiralty, ch. VI, § 6-25, p. 296, f.n. 149.) The running of the state statute of limitations creates a presumption of detriment to the defendant (*Kane* v. *Union of Soviet Socialist Republics* (3d Cir. 1951) 189 F.2d 303), and has the effect of shifting to the plaintiff the burden of showing that his delay was excusable and that defendant was not prejudiced thereby. (*Cummings* v. *Redeeriaktieb Transatlantic* (E.D. Pa. 1956) 144 F.Supp. 422; *Le Gate* v. *The Panamolga* (2d Cir. 1955) 221 F.2d 689.)

 In the instant case, however, there is no need to look

to the California statute of limitations by analogy, since the Jones Act contains its own statute of limitations, incorporated by reference from the Federal Employers' Liability Act. (46 U.S.C.A. § 688; 45 U.S.C.A. § 56.) The applicable section provides that actions must be commenced within three years from the day the cause of action accrued, and appellant's complaint was filed within the three-year period.

With respect to the count for unseaworthiness, the rule has been established that if negligence under the Jones Act is also alleged, the courts may not apply a shorter statute of limitations to the unseaworthiness count than that provided for the Jones Act count. In *McAllister* v. *Magnolia Petroleum Co.* (1958), 357 U.S. 221 [78 S.Ct. 1201, 2 L.Ed.2d 1272], the question presented was whether a state court could apply its two-year statute of limitations to bar an unseaworthiness action which was joined with an action for negligence under the Jones Act. The court held that it could not, stating:

". . . we simply hold that where an action for unseaworthiness is combined with an action under the Jones Act a court cannot apply to the former a shorter period of limitations than Congress has prescribed for the latter. We think this is so whether the action is at law or in admiralty, in the state or the federal courts. . . .

". . . Congress has provided that a seaman shall have three years to bring his action under the Jones Act. A state court cannot reduce that time by applying its own statute of limitations to such an action. *Engel* v. *Davenport*, 271 U.S. 33 [46 S.Ct. 410, 70 L.Ed. 813]; *cf. Cox* v. *Roth*, 348 U.S. 207 [75 S.Ct. 247, 99 L.Ed. 260]. As an essential corollary of that proposition, it may not qualify the seaman's Jones Act right by affixing a shorter limitation to his concurrent right of action for unseaworthiness. . . ." (Pp. 224, 225.)

We now turn to appellant's final contention that he was not guilty of laches. Respondent agrees this suit was commenced in time and the date of filing is not to be considered with respect to its contention on this appeal. Respondent's claim is as to the prejudice it purportedly suffered by the delay in service. There is some authority for the proposition that a plaintiff may be barred by laches due to lack of diligence in prosecuting an action, even though the complaint was timely filed, and that state laws governing diligence in prosecution may be looked to by analogy. (See *Evans* v. *American Export Lines, Inc.* (S.D. New York 1959) 175 F.Supp. 386, where a complaint was dismissed for laches after the plaintiff had

initiated a timely suit in a state court, but had failed to bring it to trial within a reasonable time.)

The burden of proving laches, however, must be borne by the party seeking to assert this defense. While state law may be looked to by analogy in determining the existence of laches, the sole effect of the violation of a state statute is to shift the burden to the plaintiff to prove that his delay was excusable and that the defendant was not prejudiced thereby.

Even assuming, therefore, that California law would be applicable on the issue of laches, Code of Civil Procedure section 581a provides that ". . . all actions heretofore or hereafter commenced must be dismissed . . . unless the summons shall be served and return thereon made within three years after the commencement of said action . . ." Since service was made by appellant well within the statutory period, it is thus clear that no presumption of detriment to respondent can be deemed to have arisen (see *Kane* v. *Union of Soviet Socialist Republics, supra*), and respondent retained the burden of showing that the delay was inexcusable and that it resulted in prejudice to respondent. (See *Cummings* v. *Redeeriaktieb Transatlantic, supra*; *Le Gate* v. *The Panamolga, supra*.)

Respondent, in moving to dismiss the action, merely alleged that ". . . it was inexcusable for plaintiff to withhold service for 15 months, particularly when the complaint was filed one day ahead of the statute of limitations." Respondent further stated that it would now be forced to prepare a defense to an accident which had occurred more than four years ago and as to which the witnesses were "probably scattered over the seven seas."

Appellant, in opposing the motion, stated that, as a professional seaman, he had been "about the seven seas during this period, and away from contact with counsel."

Under these circumstances, we conclude that respondent cannot be deemed to have shown inexcusable delay and resultant prejudice to it due to the delay in service. The bare statement that service was withheld for 15 months and that appellant came within one day of exceeding the Jones Act statute of limitations is not sufficient to show inexcusable delay. As to the requisite showing of prejudice, respondent asserts only that the witnesses are "probably" scattered. No attempt whatever is made to present evidence that respondent tried to contact any of these witnesses or that it encountered any difficulty in doing so.

Respondent argues, however, that appellant offered no excuse for his delay. Appellant was under no necessity to do so. As pointed out above, the burden of showing laches was upon respondent. No such requisite showing was made.

The appeal from the order denying new trial is dismissed.

The judgment is reversed. Appellant to recover costs on appeal.

Kaufman, P. J., and Draper, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied September 20, 1961.