**Patrick CARLANTONIO**

v.

**MARIEHAMNS REDERI A/S GUSTAF ERIKSON.**

No. 379.

United States District Court
E. D. Pennsylvania.

Jan. 22, 1969.

Arnold C. Grossman, Fine, Staud & Silverman, Philadelphia, Pa., for plaintiff.

George D. Sheehan, Rawle & Henderson, Philadelphia, Pa., for respondent.

MEMORANDUM AND ORDER

TROUTMAN, District Judge.

This is an action in admiralty by a longshoreman against a shipping company for personal injuries sustained on July 7, 1961, while on board a vessel docked at a pier located in Philadelphia. On August 23, 1962, an action at law was commenced by the filing of a complaint in this Court, service was made upon an alleged agent of the defendant

located in this District, and agency was denied. On September 27, 1962, another alleged agent located in this District was served and again agency was denied. On April 22, 1965, pursuant to Local Rule 18, the Clerk of this Court sent notice of dismissal to counsel for plaintiff and on May 21, 1965, counsel filed a motion to vacate the Clerk's notice of dismissal which was denied on November 9, 1965. On November 15, 1965, the present admiralty action was instituted and service was made upon the respondent. Presently before this Court is respondent's motion to dismiss on the ground that this suit is barred by laches and delay of libellant.

There appears to be no dispute between the parties to this action that:

"[a] suit is barred by laches only when there has been both unreasonable delay in its filing and consequent prejudice to the party against whom the claim is asserted. Gardner v. Panama R. Co., 1951, 342 U.S. 29, 72 S.Ct. 12, 96 L.Ed. 31; Loverich v. Warner Co., 3 Cir. 1941, 118 F.2d 690, certiorari denied 313 U.S. 577, 61 S.Ct. 1104, 85 L.Ed. 1535. However, in administering this equitable defense the courts recognize and apply the logical inference that delay in suing has been both unreasonably long and injurious to the defendant after the running of the period within which the analogous statute of limitations would require an action at law to be commenced, unless the claimant makes some affirmative showing to the contrary. Kane v. Union of Soviet Socialist Republics, 3 Cir., 1951, 189 F.2d 303, certiorari denied 342 U.S. 903, 72 S.Ct. 292, 96 L.Ed. 676; Oroz v. American President Lines, Inc., 2 Cir., 1958, 259 F.2d 636; Marshall v. International Mercantile Marine Co., 2 Cir., 1930, 39 F.2d 551. * * *" Claussen v. Mene Grande Oil Company, 275 F.2d 108, 111 (3rd Cir. 1960). See also Smigiel v. Compagnie De Transports Oceaniques, 185 F.Supp. 328 (E.D.Pa. 1960).

Whether the three-year statute of limitations of the Jones Act, 45 U.S.C. § 56, or the two-year statute of limitations in Pennsylvania on personal injury claims, 12 P.S. § 34, provides the appropriate analogy in this case, it is clear that an action at law more than four years after the cause arose is much too late. Hence, to avoid a conclusion of laches from so long a delay libellant must show some justification in the special circumstances of his case.

■ Here libellant relies upon the timely filing of an earlier suit and his allegation that an agent of the shipowner was served in that action as showing that he was diligent rather than dilatory. But when advised by the alleged agent served in the earlier action that in fact no agency relationship existed libellant made no attempt, and has not made any attempt, to develop by way of discovery or deposition the true nature of any relationship allegedly existing. Contrary to the naked allegation of agency by libellant, in support of his motion to dismiss, respondent has submitted the affidavit of an officer of the alleged agent denying agency. Under these circumstances, the filing of the earlier suit and the issuance of a summons is not sufficient to establish diligence in moving against the shipowner during the four-year period which elapsed between the accident and the commencement of the present action.

■ That respondent has been substantially prejudiced by the delay is evidenced by the affidavits of the Master, Chief Officer, Second Mate and Third Mate of the vessel submitted by respondent in support of the motion to dismiss in which they deny any knowledge of the accident until after the present suit was instituted. This is corroborated by libellant's deposition which has been filed and made a part of the record before this Court wherein he indicates that he did not advise any of the officers of the vessel of the accident after it occurred.

Accordingly, respondent's motion to dismiss will be granted.