CHERTOFF, Judge,
dissenting in part.
I join the majority insofar as it affirms summary judgment on Santana’s claims under Section One of the Sherman Act. I do not agree, however, that laches bars Santana’s Lanham Act claim. Specifically,' I do not believe that either logic or this Court’s jurisprudence requires a plaintiff who bears the burden of showing that laches does not apply to show that both conditions necessary for the application of laches do not exist. And since the District Court determined that Bobrick had not suffered prejudice — and the Court’s determination was not an abuse of discretion— the doctrine of laches should not bar Santana’s claim.
“The doctrine of laches consists of two essential elements: (1) inexcusable delay in instituting suit; and (2) prejudice resulting to the defendant from such delay.” Central Pennsylvania Teamsters Pension Fund v. McCormick Dray Line, Inc., 85 F.3d 1098, 1108 (3d Cir.1996). If a plaintiff filed suit before the analogous state statute of limitations had run, the defendant bears the burden of showing that plaintiffs delay in instituting suit was inexcusable and the defendant suffered prejudice from the inexcusable delay. Conversely, if a plaintiff filed suit after the analogous state statute of limitations had run, a presumption arises that plaintiffs delay in instituting suit was inexcusable and defendant suffered prejudice from the delay. The plaintiff then bears the burden of rebutting this presumption. See, e.g., Equal Employment Opportunity Commission v. Great Atlantic & Pacific Tea Co., 735 F.2d 69, 80-81 (3d Cir.1984).
The majority today holds that a plaintiff who bears the burden of rebutting such a presumption must show that his delay in instituting suit was not inexcusable and that the defendant did not suffer prejudice from the delay. The majority concludes that our precedent compels this conclusion.
To be sure, language in our prior decisions tends to support the majority’s holding. As cited by the majority, we wrote in *142 Burke v. Gateway Clipper, 441 F.2d 946, 949 (3d Cir.1971), in language we quoted in Churma v. United States Steel Corp., 514 F.2d 589, 593 (3d Cir.1975) and Gruca v. United States Steel Corp., 495 F.2d 1252, 1259 (3d Cir.1974), that a plaintiff who bears the burden of proof must “come forward and prove that his delay was excusable and that it did not unduly prejudice the defendant.” Likewise, in Lipfird v. Mississippi Valley Barge Line Co., 310 F.2d 639, 642 (3d Cir.1962), and Kane v. Union of Soviet Socialist Republics, 189 F.2d 303, 307 (3d Cir.1951), we affirmed dismissals where the plaintiff failed to allege “any facts excusing his delay and showing lack of prejudice to the defendant.”
We are “bound by holdings,” however, “not language.” Alexander v. Sandoval, 532 U.S. 275, 282, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001). On this point, I agree with the District Court’s conclusion in Baczor v. Atlantic Richfield Co., 424 F.Supp. 1370 (E.D.Pa.1976), that the references to rebutting both prongs of the test are dicta in these cases, rather than holdings which bind the Court. Id. at 1380 n. 5; see also Anaconda Co. v. Metric Tool & Die Co., 485 F.Supp. 410, 428 n. 14 (E.D.Pa.1980) (agreeing with Baczor). In each case— Churma, Gruca, Burke, Lipfird and Kane — the plaintiff did not rebut either the delay or the prejudice prong, meaning that the Court did not need to determine the issue that is before the Court today.
Even if one could read our prior cases as requiring the plaintiff to rebut both prongs of the laches test, see, e.g. Mroz v. Dravo Corp., 429 F.2d 1156, 1161 (3d Cir.1970) (not considering prejudice prong when, but not necessarily because, plaintiff had not rebutted delay prong), such a reading would be logically inconsistent with the Court’s subsequent holding in Central Pennsylvania Teamsters that each prong is an “essential element! ]” of the doctrine of laches, 85 F.3d at 1108. It simply defies elementary logic to require a plaintiff bearing the burden of proof on rebuttal to show that the defendant cannot invoke the laches doctrine because both essential elements are missing, when one missing element would negate the doctrine. As Judge Becker explained in Anaconda:
[Requiring the plaintiff to carry this double burden would be inconsistent with the conceptual structure of the laches doctrine, which requires the court to find both inexcusable delay on the part of the plaintiff and prejudice to the defendant. If a plaintiff rebuts the presumption as to either of the two elements, the court cannot find that both elements exist, and therefore cannot uphold the defense of laches.
485 F.Supp. at 428 n. 14. Put differently, if two conditions must be satisfied for a rule to apply, then (even if we presume both to be satisfied) negation of either of those conditions (by rebutting that presumption) defeats application of the rule.
Therefore, because the majority has concluded that the older cases require the plaintiff to rebut both prongs of the laches test, I recommend that the Court consider en banc whether the older cases can be reconciled with our decision in Central Pennsylvania Teamsters.
Here, the District Court concluded that Santana “proffered sufficient evidence that Bobrick did not suffer material prejudice as a result of the delay.” (App.79.) I do not believe that in reaching that conclusion the District Court abused its discretion, which is the standard of review we must apply. See Churma, 514 F.2d at 593.
Having concluded that laches does not bar Santana’s Lanham Act claim, I would address the merits of Santana’s appeal on *143 the application of the Noerr-Pennington doctrine to the Lanham Act claim.